908

## LUCKS v. UNITED STATES.
### No. 8779.

Circuit Court of Appeals, Fifth Circuit.
Jan. 12, 1939.

Milton Smith, of Brooklyn, N. Y., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., of Miami, Fla.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

The United States has moved to strike the bill of exceptions on various grounds. In the view we take of the case it is unnecessary to discuss or decide this question.

Appellant was convicted of unlawfully transporting two women in interstate commerce for the purpose of prostitution. Er-

ror is assigned to the denial of a directed verdict and to the admission of testimony of one Dan Matera, objected to on the ground that the witness had been previously convicted of perjury.

As to the first assignment it is enough to say there is sufficient evidence in the record tending to support the verdict. The motion to direct was properly overruled.

As to the second assignment it appears the witness, Dan Matera, had been convicted of perjury in the Federal Court. Appellant relies upon a statute of Florida (Rev.Stat. Sec. 1096), under the provisions of which he would not be a competent witness, and on U.S.Rev.Stat. § 858, as amended by the Act of June 29, 1906, 28 U.S.C.A. § 631, which, in substance provides that in any civil action the competency of a witness shall be determined by the law of the state in which the Court is held.

In Logan v. U. S., 144 U.S. 263, 12 S. Ct. 617, 36 L.Ed. 429, it was held that the provisions of section 858, R.S. have no application to criminal trials. In Funk v. U. S., 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136, it was held that, in the absence of a Federal statute governing the subject, the competency of witnesses in criminal trials in Federal Courts is determined by the common law as modified by changed conditions. In that case the wife of a defendant, though incompetent under the ancient rule of the common law, was allowed to testify in his behalf.

There is no Federal statute declaring a witness who has been convicted of perjury to be incompetent. Under Rev.Stat. § 5392, which provided for the punishment of the crime of perjury, one so convicted was thereafter incompetent as a witness. That law was repealed by the enactment of the Federal Criminal Code and § 5392, Rev.Stat., was carried into the Code with the provisions as to incompetency omitted. 18 U.S.C.A. § 231. See Rosen v. U. S., 245 U.S. 467, 38 S.Ct. 148, 62 L.Ed. 406; Latgis v. U. S., 4 Cir., 97 F.2d 588.

From the above cited decisions it is clear that Matera was not incompetent as a witness and the objection to his testimony was properly overruled. Furthermore, the testimony was cumulative and its admission did not affect the substantial rights of appellant. Therefore, the error, if any, may be disregarded. 28 U.S.C.A. § 391.

The record presents no reversible error.

Affirmed.