## UNITED STATES *v.* MURDOCK.

No. 38. Argued October 23, 26, 1931.—Decided November 23, 1931.

142

*Solicitor General Thacher,* with whom *Mr. Robert P. Reeder* was on the brief, for the United States.

144

*Messrs. Edmund Burke* and *Harold J. Bandy* for appellee.

Mr. Justice Butler delivered the opinion of the Court.

Appellee filed his individual federal income tax returns for 1927 and 1928, and in each year deducted $12,000 which he claimed to have paid to others. An authorized revenue agent summoned appellee to appear before him and disclose the recipients. Appellee appeared but refused to give the information on the ground that to do so might incriminate and degrade him.

He was indicted for such refusal and interposed a special plea averring that he ought not to be prosecuted under the indictment because, if he had answered the ques-

tions put to him, he would have given information that would have compelled him to become a witness against himself in violation of the Fifth Amendment and caused him to be subjected to prosecution in the court below for violation of various laws of the United States, as shown by a transcript of the questions asked and answers given which he included in his plea. The United States demurred to the plea on the grounds that it fails to show that the information demanded would have incriminated or subjected defendant to prosecution under federal law, and that defendant waived his privilege under the Fifth Amendment. The court overruled the demurrer and entered judgment discharging defendant.

The judgment necessarily determined that to require defendant to supply the information called for would be to compel him to incriminate himself and that therefore he did not unlawfully or willfully refuse to answer. Its effect, unless reversed, is to bar further prosecution for the offense charged. It follows unquestionably that, without regard to the particular designation or form of the plea or its propriety, this court has jurisdiction under the Criminal Appeals Act.[1] *United States* v. *Barber,* 219 U. S. 72, 78. *United States* v. *Oppenheimer,* 242 U. S. 85. *United States* v. *Thompson,* 251 U. S. 407, 412. *United States* v. *Storrs,* 272 U. S. 652, 655. *United States* v. *Goldman,* 277 U. S. 229, 236.

The offense charged is defined: " Who willfully fails to . . . supply such information [for the computation of any tax imposed by the Act] at the time or times required

---

[1] "A writ of error may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases, in the following instances, to wit: . . .

" From the decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." 18 U. S. C., § 682. 34 Stat. 1246. See also 28 U. S. C., § 345 (2).

by law or regulations, shall . . . be guilty of a misdemeanor." [2] Other provisions authorize resort to the district courts to compel attendance, testimony and production of books. [3] While undoubtedly the right of a witness to refuse to answer lest he incriminate himself may be tested in proceedings to compel answer, there is no support for the contention that there must be such a determination of that question before prosecution for the willful failure so denounced. By the very terms of the definition the offense is complete at the time of such failure.

Immediately in advance of the examination, appellee's counsel discussed with counsel for the Internal Revenue Bureau the matter of appellee's privilege against self-incrimination and stated that he had particularly in mind incrimination under state law. And at the hearing appellee repeatedly stated that, in answering " I might incriminate or degrade myself," he had in mind " the violation of a state law and not the violation of a federal law." The transcript included in the plea plainly shows that appellee did not rest his refusal upon apprehension of, or a claim for protection against, federal prosecution. The validity of his justification depends, not upon claims that would have been warranted by the facts shown, but upon the claim that actually was made. The privilege of silence is solely for the benefit of the witness and is deemed waived unless invoked. *Vajtauer* v. *Commissioner of Immigration,* 273 U. S. 103, 113.

[2] "Any person required . . . to . . . supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this Act, who willfully fails to . . . supply such information, at the time or times required by law or regulations, shall . . . be guilty of a misdemeanor . . ." 26 U. S. C., § 1265. § 1114 (a), Revenue Act of 1926, 44 Stat. 116; 26 U. S. C., § 2146; § 146 (a), Revenue Act of 1928, 45 Stat. 835.

[3] 26 U. S. C. §§ 1257, 1258; 1122 (a) (b), Revenue Act of 1926, 44 Stat. 121. Superseded by 26 U. S. C., § 2617; § 617, Revenue Act of 1928, 45 Stat. 877.

The plea does not rest upon any claim that the inquiries were being made to discover evidence of crime against state law. Nothing of state concern was involved. The investigation was under federal law in respect of federal matters. The information sought was appropriate to enable the Bureau to ascertain whether appellee had in fact made deductible payments in each year as stated in his return, and also to determine the tax liability of the recipients. Investigations for federal purposes may not be prevented by matters depending upon state law. Constitution, Art. VI, § 2. The English rule of evidence against compulsory self-incrimination, on which historically that contained in the Fifth Amendment rests, does not protect witnesses against disclosing offenses in violation of the laws of another country. *King of the Two Sicilies* v. *Willcox*, 7 State Trials (N. S.) 1050, 1068. *Queen* v. *Boyes*, 1 B. & S. 311, 330. This court has held that immunity against state prosecution is not essential to the validity of federal statutes declaring that a witness shall not be excused from giving evidence on the ground that it will incriminate him, and also that the lack of state power to give witnesses protection against federal prosecution does not defeat a state immunity statute. The principle established is that full and complete immunity against prosecution by the government compelling the witness to answer is equivalent to the protection furnished by the rule against compulsory self-incrimination. *Counselman* v. *Hitchcock*, 142 U. S. 547. *Brown* v. *Walker*, 161 U. S. 591, 606. *Jack* v. *Kansas*, 199 U. S. 372, 381. *Hale* v. *Henkel*, 201 U. S. 43, 68. As appellee at the hearing did not invoke protection against federal prosecution, his plea is without merit and the government's demurrer should have been sustained.

We are of opinion that leave to file the plea should have been withheld. The proceedings below are indi-

cated by a chronological statement printed in the margin.[4] After demurrer—not shown by the record to have been disposed of—and motions for a bill of particulars and to suppress evidence which were denied, a plea of not guilty was entered. The case should then have been tried without further form or ceremony. 18 U. S. C., § 564. The matters set forth in the plea were mere matters of defense determinable under the general issue. Federal criminal procedure is governed not by state practice but by federal statutes and decisions of the federal courts. *United States* v. *Reid,* 12 How. 361. *Logan* v. *United States,* 144 U. S. 263, 301. *Jones* v. *United States,* 162 Fed. 417, 419. *United States* v. *Nye,* 4 Fed. 888, 890. Neither requires such piecemeal consideration of a case.

---

[4] *1930*

January    23    Indictment returned.
February    .6    Demurrer to indictment.
February    19    Additional special ground for demurrer.
February    25    Motion for bill of particulars.
May        27    Motion to suppress evidence and to restrain its use at trial.
                    Motion for bill of particulars denied.
                    Arraignment and plea of not guilty.
June        10    Argument on motion to suppress.
June        21    Motion to suppress denied.
July        1    Leave granted to file special plea.
                    Special plea filed.
October·    1    Demurrer to plea filed and hearing thereon set for October 13.
October    13    Second and third special pleas filed.
October    17    Demurrer to second and third special pleas filed.
                    Hearing on demurrers.
October    18    Demurrer to first special plea overruled; demurrers to second and third special pleas sustained.
October    28    Opinion on demurrers.
*1931*
February    3    Plea of not guilty withdrawn.
                    Judgment for defendant on first special plea.
March        4    Appeal allowed.

A special plea in bar is appropriate where defendant claims former acquittal, former conviction or pardon, 2 Bishop New Criminal Procedure (2d ed.) §§ 742, 799, 805 *et seq.*, but there is no warrant for its use to single out for determination in advance of trial matters of defense either on questions of law or fact. That such a practice is inconsistent with prompt and effective administration of the law and is likely to result in numerous hearings, waste of courts' time and unnecessary delays is well illustrated by the record in this case. The indictment was returned January 23, 1930, the judgment before us was entered more than a year later, and it seems certain that more than two years will have elapsed after indictment before the case can be reached for trial.

*Judgment reversed.*