## MURDOCK v. UNITED STATES.
### No. 4774.

Circuit Court of Appeals, Seventh Circuit.
Dec. 7, 1932.

Rehearing Denied Feb. 22, 1933.

See, also (D. C.) 51 F.(2d) 387.

Harold J. Bandy, of Granite City, Ill., and Edmund Burke, of Springfield, Ill., for appellant.

Frank K. Lemon, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The indictment charged appellant with having made income tax returns for the years 1927 and 1928, in each of which he claimed a deduction of $12,000 for sums paid to individuals whose names, as well as the amounts paid, were not stated; that he was thereupon duly brought before the Internal Revenue Agent at Springfield, Illinois, to give the names and addresses of the recipients of such payments; that although he had full knowledge concerning such matters, he wilfully and unlawfully failed to give such testimony or supply such information. To the charge thus preferred, appellant interposed a special plea averring that, if he answered the questions put to him, he would thereby be unlawfully compelled to furnish incriminat-

ing testimony against himself. To this plea the United States demurred. The court overruled the demurrer and entered judgment discharging appellant. From this judgment, the Government appealed to the United States Supreme Court, where the judgment thus entered was reversed. United States v. Murdock, 284 U. S. 141, 52 S. Ct. 63, 76 L. Ed. 210. The facts, as well as the nature of the controversy, are all stated in that opinion and will not be repeated here. The cause was thereafter tried before a jury, and appellant was convicted. The evidence on this trial supported the allegations of the indictment. Avoidance of the sentence thereafter pronounced is first sought on the ground that the statute, which made the wilful failure to give the testimony sought a criminal offense, is unconstitutional. The basis of this attack is that the section defining the offense contains no exception which relieves the taxpayer from giving self-incriminating testimony.

■ Appellant cites no case in support of his argument that this statute is unconstitutional, because his rights under the Fifth Amendment are not therein protected, and our search of the authorities has been no more productive of results in his favor. That the Government may, in view of the Sixteenth Amendment, lawfully enact legislation to effectively enforce the assessment and collection of income taxes cannot be doubted. U. S. v. Murdock, supra. Embraced within such powers are the sections which call for reports and information to be supplied by the taxpayer, in answer to questions propounded by the representative of the Government. The information sought in the instant case was relevant. U. S. v. Murdock, supra. Courts may not presume that the same authority which is responsible for both the Sixteenth and the Fifth Amendments contemplated that one should nullify the other, but rather intended that each should be read and construed in the light of the other. In other words, legislation enacted pursuant to the Sixteenth Amendment must be construed in the light of the Fifth Amendment. Kentucky Railroad Tax Cases, 115 U. S. 321, 6 S. Ct. 57, 29 L. Ed. 414. In fact, a citizen from whom information is sought under a statute enacted pursuant to authority granted to Congress by the Sixteenth Amendment may invoke or waive the protection provided by the Fifth Amendment. And likewise the courts will compel the production of information, subject, however, to the right of said taxpayer to justify his refusal so to do by showing facts that bring him within the protection of the Fifth Amendment. Thus construed, the statute under consideration is not unconstitutional.

■ Appellant complains because the court charged the jury:

"So far as the facts are concerned in this case, Gentlemen of the Jury, I want to instruct you that whatever the Court may say as to the facts, is only the Court's view. You are at liberty to entirely disregard it. The Court feels from the evidence in this case, that the Government has sustained the burden cast upon it by the law and has proved that this defendant is guilty in manner and form as charged beyond a reasonable doubt."

In federal courts the trial judge may comment on the evidence and, if he makes it clear that his opinion is not binding on the jury, express his opinion on all questions in issue, including the guilt or innocence of the accused. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Palno v. U. S. (C. C. A.) 58 F.(2d) 111; Buchanan v. U. S. (C. C. A.) 15 F.(2d) 496.

While it is within the power of the court to express an opinion as to the guilt of the accused, we doubt the wisdom of so doing, save in extraordinary cases. It is true the trial court has an important duty to perform in assisting the jury to arrive at a true verdict. There is, however, in practical operation, we fear, considerable danger of the court's substituting its opinion for that of the jury by such an expression of opinion. It would seem the better practice to comment upon the character of the evidence and, if and when an opinion is expressed, to limit it to a basic fact or an issue involved, upon which the guilt of accused is in part dependent. By so doing, the jury is left to perform its constitutional duty of determining the guilt or innocence of the accused, and at the same time, the court fully meets its very important duty of assisting the jury in reaching an intelligent verdict.

■ The significance of this suggestion is better appreciated when we consider the next assignment of error, the court's failure to give a proposed instruction, which reads as follows:

"If you believe that the reasons stated by the defendant in his refusal to answer questions were given in good faith and based upon his actual belief, you should consider that in determining whether or not his refusal to answer the questions was wilful."

It is appellant's contention that the jury,

should have been enlightened on the subject of wilfulness as an element in the crime charged against him, and that it should have been instructed to consider the accused's explanation in determining whether his failure to give information was wilful. The request was a fair one in view of the testimony and the failure of the court in any other part of the charge to speak of this phase of the case.

There was evidence tending to show that appellant's refusal to testify was because of his belief that it would be self-incriminating. The colloquy or argument which occurred between opposing counsel before he made this statement informed him that his right so to do was at least debatable. The precise question, which was one of law, was whether the protection of the Fifth Amendment extended to self-incrimination against the operation of a state criminal statute. In the then late case of United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U. S. 103, 113, 47 S. Ct. 302, 71 L. Ed. 560, the Supreme Court expressly avoided a ruling on that question. Not until this case reached the Supreme Court was it settled "that full and complete immunity against prosecution by the Government compelling the witness to answer is equivalent to the protection furnished by the rule against compulsory self-incrimination."

The accused, when he refused to testify, had just heard his counsel assert that his protection under the Fifth Amendment extended to self-incriminating statements, even though the incrimination arose out of a state criminal statute. He therefore was within his rights in asking that the jury be charged as requested. True, the jury was not obliged to accept as true, his explanation of his refusal to testify; for advice of counsel on such a question is not an absolute defense. A license to practice law does not carry with it the power to grant immunity to one not entitled to it. On the other hand, the issue of wilfulness is ordinarily one of fact. Wilfulness has been defined to mean something more than knowingly. Felton v. U. S., 96 U. S. 703, 24 L. Ed. 875; Spurr v. U. S., 174 U. S. 734, 19 S. Ct. 812, 43 L. Ed. 1150.

The good faith belief in advice given by a reputable counsel may, and ordinarily will, have a bearing upon the wilfulness of the conduct of a party who follows it. Without advice of counsel even, a witness may claim the protection of the Fifth Amendment. Whether his asserted claim of protection is in good faith may be disputed, but a jury question is frequently thereby raised. At least in criminal cases, where wilfulness of the accused's conduct is the fact issue, determinative of guilt, and the court has expressed its opinion that the accused is guilty, the accused is entitled to an instruction which directs the jury's attention to his evidence on that issue.

The judgment is reversed, and the cause remanded for a new trial.