## UNITED STATES v. WEINBERG.
### No. 453.

Circuit Court of Appeals, Second Circuit.
May 29, 1933.

Blau, Perlman & Polakoff, of New York City (Moses Polakoff, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Joseph F. Sharp, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Weinberg was subpœnaed to appear as a witness before the April grand jury which

was investigating an alleged conspiracy by Arthur Flegenheimer and others to violate the National Prohibition Act. The witness was informed that by virtue of section 30 of title 2 of said act (27 USCA § 47) he was given an immunity from prosecution for any matter arising out of his testimony, and was then asked what his business was in 1929 and 1930, and whether the signatures on two bank account cards in the names of "Abe Berg" and "Jack Berg," respectively, were his. Each of these questions he refused to answer on the ground that "it would tend to degrade and incriminate me." Thereupon the grand jury caused him to be taken before the District Court and a presentment was handed up charging him with willfully obstructing their investigation by refusing to answer the questions put to him. Stenographic minutes of the questions and answers were read, and Weinberg was asked by the court whether he understood the situation and whether he still refused to answer these questions. To both inquiries he replied in the affirmative, and the court thereupon sentenced him to sixty days' imprisonment. The following colloquy then occurred:

"Defendant Weinberg: You want me to testify against myself, when they are looking up my income taxes?

"The Court: You cannot be prosecuted.

"Defendant Weinberg: I can be on the income tax law. Will you grant me immunity on the income tax law and the Federal Prohibition Act?

"Mr. Sharp: The statute speaks for itself.

"The Court: Whether or not you are granted immunity as to an income tax violation, can be determined after indictment, if one should be rendered for that violation.

"Defendant Weinberg: I am asked questions about the bank cards here; I am just indicting myself.

"The Court: I would think offhand, without having to decide it at this time, that you could not be prosecuted for any crime as to which you had given evidence under this compulsion, but I am not deciding that. It is unnecessary for me to decide that at this time. Your remedy is to raise that in defense to any indictment that might be obtained against you, and then we will determine whether or not you were given immunity under the law, but at the present time I direct you to answer these questions, and if you do not answer them, we will put you in jail. You must either answer them or not.

"Defendant Weinberg: I refuse to answer it on the same grounds.

"The Court: All right, sixty days."

█ The appellant contends that the judgment of contempt was erroneous because the National Prohibition Act gives immunity from prosecution only for offenses against that act, and therefore he can claim the constitutional privilege against self-incrimination in so far as his testimony may disclose some other crime. It is urged that his answers would disclose a violation of the income tax law. To justify silence under the constitutional privilege (Const. Amend. 5), it must appear that an answer to the question will directly tend to incriminate; a remote possibility of danger will not suffice. Mason v. United States, 244 U. S. 362, 37 S. Ct. 621, 61 L. Ed. 1198; Heike v. United States, 227 U. S. 131, 144, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; O'Connell v. United States, 40 F. (2d) 201, 204 (C. C. A. 2); Wigmore, Evidence (2d Ed.) §§ 2260, 2261, 2282. It may well be doubted whether a statement of what business the witness was engaged in, or whether a signature on a bank card was his, is not too remotely connected with a possible future investigation of his accounts and a prosecution for income tax evasion to justify his standing mute. Many additional facts have to be assumed before his answer, whatever it may be, can tend to implicate him in a violation of the tax laws. But, however this may be, the statute gives an immunity coextensive with the privilege of silence.

In Counselman v. Hitchcock, 142 U. S. 547, 12 S. Ct. 195, 35 L. Ed. 1110, the court held that section 860, Revised Statutes, was not an adequate substitute for the protection guaranteed by the Constitution, saying (at page 586 of 142 U. S., 12 S. Ct. 195, 206) that to be valid a statute "must afford absolute immunity against future prosecution for the offense to which the question relates." In consequence, subsequent immunity statutes have been drawn in broader terms, providing in substantially the same language as does section 30 of title 2 of the National Prohibition Act that " * * * no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing as to which, in obedience to a subpœna and under oath, he may so testify or produce evidence. * * * " 27 USCA § 47 (Prohibition Act), 41 Stat. 317; 49 USCA § 46 (Interstate Commerce), 27 Stat. 443; 49 USCA § 47 (Interstate Commerce), 32 Stat. 904; 15 USCA § 32

(Anti-Trust Laws) 32 Stat. 904. The first of these statutes to come before the Supreme Court was the act relating to testimony before the Interstate Commerce Commission, 27 Stat. 443 (49 USCA § 46). In Brown v. Walker, 161 U. S. 591, 16 S. Ct. 644, 40 L. Ed. 819, its validity was sustained, and it was held to deprive the witness of his constitutional privilege to refuse to answer. Subsequent cases have reaffirmed the rule. Jack v. Kansas, 199 U. S. 372, 381, 26 S. Ct. 73, 50 L. Ed. 234, 4 Ann. Cas. 689; Hale v. Henkel, 201 U. S. 43, 68, 26 S. Ct. 370, 50 L. Ed. 652; Nelson v. United States, 201 U. S. 92, 116, 26 S. Ct. 358, 50 L. Ed. 673; United States v. Murdock, 284 U. S. 141, 149, 52 S. Ct. 63, 76 L. Ed. 210, 82 A. L. R. 1376. In Heike v. United States, 227 U. S. 131, at page 142, 33 S. Ct. 226, 228, 57 L. Ed. 450, Ann. Cas. 1914C, 128, Mr. Justice Holmes, in discussing the immunity granted by the Act of February 25, 1903 (32 Stat. 904 [49 USCA § 47]), stated that "it should be construed, so far as its words fairly allow the construction, as coterminous with what otherwise would have been the privilege of the person concerned." This court has already so construed the statute now before us, section 30 of title 2 of the Prohibition Act (27 USCA § 47). United States v. 155 Cases of Intoxicating Liquor (C. C. A.) 297 F. 411. See, also, United States v. Goldman, 28 F.(2d) 424, 433 (D. C. Conn.). The very purpose of the statute was to grant an immunity coextensive with the constitutional privilege and thereby to make possible the eliciting of information from witnesses who could not otherwise be compelled to testify. It should be, and has been, construed so as to effectuate that purpose.

It is further contended that the appellant's refusal to answer was not contumacious because the court did not give him absolute assurance of immunity from prosecution under the tax laws. The contention is without merit. The judge stated that in his opinion the appellant could not be prosecuted for any crime as to which he had given evidence. He could properly go no further. The actual adjudication of immunity can be made only in a subsequent prosecution of the witness for a crime concerning which he had testified. See Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128, where the defendant's prior testimony was pleaded in bar; and United States v. Murdock, 284 U. S. 141, 150, 52 S. Ct. 63, 76 L. Ed. 210, 82 A. L. R. 1376, where it is said that the claim of privilege to keep silence can be shown in defense under the general issue. The appellant was ordered to answer the questions and willfully refused to do so. This was a contempt. See Brougham v. Oceanic Steam Nav. Co., 205 F. 857, 861 (C. C. A. 2). The fact that he disagreed with the statement of the law as expressed by the judge is no excuse. He does so at his peril. Levinstein v. E. I. Du Pont de Nemours & Co., 258 F. 662 (D. C. Del.).

The judgment was correct and is affirmed.