## LATGIS v. UNITED STATES.

### No. 4331.

Circuit Court of Appeals, Fourth Circuit.

June 20, 1938.

George Cochran Doub and William C. Purnell, both of Baltimore, Md., for appellant.

Bernard J. Flynn, U. S. Atty., and T. Barton Harrington, Asst. U. S. Atty., both of Baltimore, Md.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the District of Maryland sentencing the appellant, James Latgis, to imprisonment in the penitentiary for the term of two years. Latgis was indicted in May, 1937, charged with violating Section 377b of Title 8, United States Code, 8 U.S.C.A. § 377b; U.S.C.A., Title 8, Sec. 414.

In March, 1938, a trial was had before a jury and a verdict of guilty with recommendation to mercy was returned.

The appellant, hereinafter referred to as the defendant, is a naturalized citizen of the United States, of Greek birth, and has resided in the City of Baltimore for a number of years. The defendant being able to read and write English a number of Greeks

came to him for assistance in making out the papers necessary to their application for naturalization. It was proven that the defendant prepared the papers for a large percentage of the Greeks applying for naturalization in Baltimore and was a witness for a number of them. Among the Greeks applying to him for his help were Cristofolos Pentakis and Michael Phillipos Vourvis who had entered the United States by the unlawful means of deserting from arriving vessels on which they were working. The defendant prepared for each of them an official form known as Form A-2213, Application for a Certificate of Arrival and Preliminary Form for a Declaration of Intention. These applications were made out in the names of persons different from the names of Pentakis and Vourvis and the information contained in them was false. The name used in the application of Pentakis was that of a cousin of the defendant, one Dimitrios George Touslagis, who had entered the United States lawfully but who had been killed in a train accident in Pennsylvania in the year 1916, to the knowledge of the defendant. The name used in the application of Vourvis was that of one Sotirios Mihail Couroupis or Kurupis who had also entered the United States lawfully but who was dead.

Vourvis secured a Certificate of Arrival upon presentation of the application containing the false statements and subsequently made his declaration of intention to become a citizen in the name of Couroupis. He was convicted of false swearing in connection with the declaration of intention and sentenced to five years imprisonment, which sentence he was serving at the time of the trial. He was used as a government witness against the defendant here.

Pentakis' application containing the false statements was returned to him for lack of verification as was a second application, also made out by the defendant. Vourvis having in the meantime been arrested, Pentakis made no declaration of intention and at the time of the trial of this case was under warrant for deportation. He was used as a government witness.

Both Vourvis and Pentakis testified that the defendant had furnished the false names used and the false statements made in the applications made out by them. The defendant testified that he made out the papers from information furnished him by Vourvis and Pentakis and knew nothing of the facts. There was evidence strongly corroborating Vourvis and Pentakis. It is sufficient to say that there was ample evidence to sustain the verdict of the jury.

The statute which the defendant was charged with having violated reads as follows:

Title 8, U.S.C.A., Section 414:

"Procuring naturalization illegally; aiding unauthorized proceedings; false testimony. Any person who knowingly procures naturalization in violation of the provisions of this chapter shall be fined not more than $5,000, or shall be imprisoned not more than five years, or both, and upon conviction the court in which such conviction is had shall thereupon adjudge and declare the final order admitting such person to citizenship void. Jurisdiction is hereby conferred on the courts having jurisdiction of the trial of such offense to make such adjudication. Any person who knowingly aids, advises, or encourages any person not entitled thereto to apply for or to secure naturalization, or to file the preliminary papers declaring an intent to become a citizen of the United States, or who in any naturalization proceeding knowingly procures or gives false testimony as to any material fact, or who knowingly makes an affidavit false as to any material fact required to be proved in such proceeding, shall be fined not more than $5,000, or imprisoned not more than five years, or both. (June 29, 1906, c. 3592, § 23, 34 Stat. 603.)"

The indictment charged that the defendant did "knowingly aid, advise and encourage" the said Vourvis and Pentakis, "to file the preliminary papers declaring an intent to become" citizens of the United States. The first count charged a violation with respect to the application of Vourvis and the second and third counts charged violations with respect to the two applications of Pentakis.

Two questions are presented for consideration in the appeal: First, whether the acts committed by the defendant constitute a violation of the statute and, Second, whether it was reversible error for the trial court to admit the testimony of Vourvis who was under conviction and sentence for false swearing.

As to the first question it is contended on behalf of the defendant that the application containing the false names and statements was not in use at the time of the passage of the above quoted statute, which was passed in the year 1906 and was only

used after the passage of the Act of March 2, 1929, amending the naturalization laws (Title 8, U.S.C., Section 377b, 8 U.S.C.A. § 377b), and that the language of the statute "to file the preliminary papers declaring an intent to become a citizen of the United States" referred specifically and only to the making of the declaration of intention as the first step in naturalization proceedings. It is further contended that the "Application for Certificate of Arrival and Preliminary Form for Declaration of Intention," the paper proven to have been filled out by the defendant, did not come within the purview of the statute the defendant is charged with violating.

We are of the opinion that these contentions are not sound. The paper in question was required under a proper regulation promulgated by the Commissioner of Naturalization with the approval of the Secretary of Labor on July 1, 1929. (Naturalization, Citizenship and Expatriation Laws—Naturalization Regulations, p. 76, Rule 6). A somewhat similar form had been required under a regulation promulgated September 23, 1907. (Naturalization Laws and Regulations, p. 20, Section 5).

It is well settled that a regulation prescribed by a department of the government, when not inconsistent with the statute under which it is promulgated, has the force and effect of law. Rosen et al. v. United States, 245 U.S. 467, 38 S.Ct. 148, 62 L. Ed. 406; Maryland Casualty Company v. United States, 251 U.S. 342, 40 S.Ct. 155, 64 L.Ed. 297, and authorities there cited.

The offense created by the statute is not only the filing of a declaration of intention by any person not entitled to secure naturalization but is also the aiding, advising or encouraging any person to file a false paper preliminary to declaring an intent to become a citizen. The three papers prepared by the defendant clearly came within the purview of the statute and the evidence was amply sufficient to sustain the verdict of guilty as to all three counts.

As was stated by Mr. Justice Brandeis in United States v. Ness, 245 U.S. 319, 322, 38 S.Ct. 118, 62 L.Ed. 321, the Act was comprehensive in its nature and intended to suppress widespread frauds in naturalization proceedings.

As to the second question we are of the opinion that there was no error in admitting the testimony of the witness Vourvis, who had previously been convicted of false swearing in connection with the declaration of intention filed by him. It is to be noted that Vourvis pleaded guilty to false swearing in violation of a statute making false swearing an offense (U.S.C. A., Title 18, Section 142) and not to the perjury statute (U.S.C.A., Title 18, Section 231).

The original perjury act was passed by Congress on April 3, 1790, Chap. 9, 1 Stat. 116. This act was embodied in Revised Statutes § 5392, and provided that anyone convicted of perjury "shall be punished by a fine of not more than two thousand dollars, and by imprisonment at hard labor, not more than five years; and shall, moreover, thereafter be incapable of giving testimony in any court of the United States until such time as the judgment against him is reversed." This act was repealed, reenacted and amended by Section 341 of the Criminal Code, which is codified in U.S.C. A. Title 18, Section 231, by striking out the provision for sentence to hard labor and the removal of the disability as to giving testimony. Rosen v. United States, supra; Funk v. United States, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369, 93 A.L.R. 1136.

Federal criminal procedure is not governed by the practice of State Courts but only by Federal statutes and the decisions of the Federal Courts. Rosen v. United States, supra; United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, 82 A.L.R. 1376; Funk v. United States, supra.

We have found no decision of the highest court of the State of Maryland, the state where the offense was committed, on this point.

The indictment was sufficient; the offenses charged came within the purview of the statute; the evidence was amply sufficient to sustain the verdict; and there was no error in the trial. The judgment of the court below is accordingly

Affirmed.