198

## EDWARDS v. UNITED STATES.
### No. 2432.

Circuit Court of Appeals, Tenth Circuit.
Oct. 26, 1942.

Writ of Certiorari Denied Dec. 7, 1942.

See —— U.S. ——, 63 S.Ct. 262, 87 L.Ed. ——.

J. Forrest McCutcheon, of Dallas, Tex., for appellant.

Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl. (John Brett, Asst. U. S. Atty., of Oklahoma City, Okl., and John F. Davis, Sol., and Milton P. Kroll, Atty., for Securities and Exchange Commission, both of Philadelphia, Pa., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Appellant was indicted on eleven counts. The first five each charged a distinct violation of the Securities Act, as amended, 48 Stat. 74, 48 Stat. 881, 15 U.S.C.A. § 77a et seq.; the sixth, seventh, eighth, ninth and tenth each charged a separate use of the mails in furtherance of a scheme to defraud; and the eleventh charged a conspiracy to violate the provisions of the Securities Act and the mail fraud statute. A plea in bar was interposed on the ground that in response to a subpoena duces tecum appellant appeared before an officer of the Securities and Exchange Commission with the books and records specified in such process, and in disregard of his claim of immunity against self-incrimination and under compulsion testified under oath respecting his identity and relationship to the several trusts and organizations which are the subject matter of the prosecution. The prayer was that the commission be required to submit to him a transcript of his testimony and that in the circumstances the prosecution be barred. Submission of the transcript was not required; the plea in bar was denied; a plea of nolo contendere was interposed; appellant was found guilty

and sentenced; we affirmed, 113 F.2d 286; and the Supreme Court reversed, 312 U.S. 473, 61 S.Ct. 669, 85 L.Ed. 957. After the remand, the transcript was furnished; a supplemental plea in bar was interposed; evidence was heard and both pleas denied; a plea of not guilty was entered; counts four and eleven were dismissed during the trial; a verdict of guilty was returned on all other counts; sentence was imposed; and the case is here again.

■ Taking up the contention that the court erred in the last denial of the original plea in bar, section 22(c) of the Securities Act, supra, provides in substance that no person shall be excused from testifying or producing books or records before the commission on the ground that the testimony or evidence may tend to incriminate him, but that no individual shall be prosecuted or penalized for or on account of any transaction, matter, or thing concerning which he is compelled to give or produce evidence after having claimed his privilege against self-incrimination. According to the transcript of the proceedings before the trial examiner of the commission, the examiner administered or propounded the oath to appellant in the conventional form but appellant failed to make answer or response "I do," "I will," or otherwise. Oral testimony was adduced as to the authenticity and correctness of the transcript and as to whether appellant was sworn, that is to say whether he said "I do" or "I will" or made similar response. The testimony was in conflict. The court resolved the issue against appellant, finding that he was not sworn, that the oath was administered but before he could make answer or had an opportunity to do so his attorney intervened and proceeded. The finding is supported by substantial evidence and therefore must stand on appeal.

■ But assuming that appellant was effectively sworn, his counsel immediately intervened with the statement, "Let the record show:", and then straightway followed by asking appellant whether he had produced the books and records called for in the subpoena duces tecum and whether he claimed his privilege against self-incrimination, to which appellant answered in the affirmative. After some intervening discussion between the examiner and counsel, the latter asked appellant whether the books contained entries referring to his own personal business and whether such entries were so commingled and intermingled with those concerning the business of the various trusts that an inspection of such books and records would disclose facts relating to his personal business, to which appellant made affirmative answer. Thereafter the examiner asked appellant certain questions in respect to whether the entries relating to his personal affairs could be deleted or segregated in such manner that the entries respecting the several trusts could be examined separate and apart from those relating to his personal business. But such questions did not go beyond the scope of the testimony which appellant had already given in response to the questions propounded by his attorney. And when it thus appeared from the testimony of appellant that the deletion or segregation could not be made, the books and records were rejected, were never inspected, examined, or considered, and the hearings were concluded. Since appellant's own counsel first interrogated him concerning the contents of the books and records, and since the questions subsequently propounded by the examiner did not go beyond the scope of the testimony already given in response to the interrogation of counsel, appellant cannot be heard to say that he was compelled to give self-incriminating evidence after claiming his privilege and that he may therefore invoke the provisions of section 22(c) supra.

■■ The supplemental plea in bar was predicated upon the fact that after appellant entered his plea of nolo contendere in this case and prior to the imposition of sentence, he testified before the grand jury of the United States Court at Fort Worth, Texas, and also testified as a witness in a criminal case in that court, to which case he was not a party. The Fifth Amendment to the Constitution of the United States constitutes a protection against self-incrimination. But that shield of silence is a personal privilege for the sole benefit of the witness and is deemed waived unless invoked. United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 103 L.Ed. 560; United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210, 82 A.L.R. 1376. Here the United States caused appellant to be subpoenaed, first to testify before the grand jury and next in the criminal case. And he gave testimony in both instances relating to certain activities connected with some of the trusts or organizations which are the subject matter of this prosecution. But he did not claim his right of immunity.

He did not even bring the matter to the attention of the grand jury or the court by formal claim, suggestion, or otherwise. It therefore was completely waived and cannot avail him now.

Affirmed.