## UNITED STATES v. GREENBERG.
### No. 10336.

United States Court of Appeals,
Third Circuit.

Reargued Oct. 15, 1951.

Decided Nov. 15, 1951.

Writ of Certiorari Granted Jan. 28, 1952.

See 72 S.Ct. 365.

Jacob Kossman, Philadelphia, Pa., for appellant.

Max H. Goldschein, Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This court in an opinion filed February 8, 1951, 187 F.2d 35, affirmed the conviction of Irving Greenberg for contempt of court in refusing to obey an order of the district court to answer certain questions propounded to him before a grand jury. The issue involved was whether Greenberg should have been accorded the constitutional privilege which he claimed against answering the questions. The facts are fully set out in our prior opinion and therefore need not be detailed here. On a petition for a writ of certiorari to the Supreme Court, that court [1] vacated the judgment of this court and remanded the case to us for reconsideration in the light of the decision in Hoffman v. United States, 1951, 341 U.S. 479, 71 S.Ct. 814, 817, 95 L.Ed. 1118.

The case has been reargued and fully reconsidered. We are satisfied nonetheless that our prior decision was right, that the ruling in the Hoffman case has not impaired it and that it should stand.

The facts of the two cases are similar in that both Hoffman and Greenberg were called before the same grand jury and refused to give answers to questions as to the nature of their respective businesses. But here the similarity ends. In the Hoffman case the setting of the controversy with respect to Hoffman's refusal to disclose his business indicated that he had been publicly charged with being a known underworld character and a racketeer with a twenty-year police record including a prison sentence on a narcotics charge and that while waiting to testify before the grand jury he had been photographed with the head of the local federal Bureau of Narcotics. This background had not been before the district judge when he convicted and sentenced Hoffman but first came into the case after appeal on a petition to the district court for reconsideration of allowance of bail. The majority of this court, while conceding that these facts "would rather clearly be adequate to establish circumstantially the likelihood that appellant's assertion of fear of incrimination was not mere contumacy", held that since they were not before the district judge when he convicted and sentenced the defendant, they could not affect the validity of that conviction which was accordingly affirmed. 185 F.2d 617.

The Supreme Court, however, took the view that this court should have considered "in connection with the business questions, that the chief occupation of some persons involves evasion of federal criminal laws, and that truthful answers by petitioner to these questions might have disclosed that he was engaged in such proscribed activity." It also concluded that the petition for consideration of allowance of bail pending appeal was in reality an application to the district court to vacate the contempt order on constitutional grounds and that it should have been considered by this court in determining whether the district court erred in denying Hoffman's claim of privilege. It will thus be seen that the whole setting of the Hoffman case raised the strong sus-

picion that he might be engaged in the narcotics business, a business with respect to which he was entitled to claim his constitutional privilege against incrimination since engaging in it would have necessarily involved the violation of federal law.

The setting and background of Greenberg's case are wholly different. There is in the record no suggestion that Greenberg might be engaged in a business which violates the federal law. On the contrary, everything in the record suggests that the unlawful business in which he might be engaged is the so-called "numbers" business, an activity proscribed by Pennsylvania law and to which his constitutional immunity does not extend.[2] In the absence of any contention on Greenberg's part that the mere disclosure of his business, as such, may tend to incriminate him of a federal crime we regard the ruling of the Supreme Court in Hoffman's case as wholly inapplicable.

This becomes even clearer when we recall that Greenberg's contention is based on wholly different grounds. It is that if he discloses his business the next questions asked him would be whether he had derived income from that business, whether he had employees in that business and whether he kept records of that business. He contends that his answers to these prospective questions might tend to incriminate him of criminal violations of the internal revenue laws relating to the income tax and the withholding of income and social security taxes from employees' wages. For the reasons stated in our prior opinion we do not think that Greenberg's possible privilege against answering these prospective questions justifies him in refusing to answer the question as to the nature of his business.[3] We accordingly adhere to our conclusion that the district court did not err in denying the appellant's claim of privilege as to the business questions.

The other group of questions as to which Greenberg's claim of privilege was denied by the district court involved the names of number writers whom he had testified that he knew. The Hoffman case did not involve questions of this sort and the ruling in that case is not applicable to them. In our prior opinion we stated the reasons which led us to conclude that the order of the district court which directed Greenberg to answer these questions did not infringe his constitutional rights under the Fifth Amendment. We adhere to that conclusion and need add nothing to what we there said.

The judgment of the district court will be affirmed.

2. United States v. Murdock, 1931, 284 U. S. 141, 149, 52 S.Ct. 63, 76 L.Ed. 210; Id., 1933, 290 U.S. 389, 396, 54 S.Ct. 223, 78 L.Ed. 381.

3. See also Camarota v. United States, 3 Cir. 1940, 111 F.2d 243, certiorari denied 311 U.S. 651, 61 S.Ct. 16, 85 L.Ed. 416.