**UNITED STATES v. KAHRIGER.**

**No. 11098.**

United States Court of Appeals, Third Circuit.

Argued Sept. 18, 1953.

Decided Feb. 18, 1954.

See also 105 F.Supp. 322.

Jacob Kossman, Philadelphia, Pa., for appellant.

James F. Brown, Jr., Philadelphia, Pa. (Joseph G. Hildenberger, U. S. Atty., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

An information of two counts was filed against Kahriger. The first count charged that he engaged in the business of accepting wagers as defined in 26 U.S.C. § 3285, and willfully failed to pay the special occupational tax imposed by 26 U.S.C. § 3290, in violation of 26 U.S.C. §§ 3294 and 2707(b). The second count charged that Kahriger engaged in the business of accepting wagers as defined in 26 U.S.C. § 3285, and willfully failed to register for the special occupational tax relating to wagering as required by 26 U.S.C. § 3291, in violation of Secs. 3294 and 2707(b). In short, Count I charged him with willful failure to pay the tax; Count II charged him with willful failure to register to pay the tax.

Kahriger first made an attack on the constitutionality of the statute and succeeded in the court below. See D.C., 105 F.Supp. 322. The Supreme Court reversed, three Justices dissenting. See United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754. On remand

he was tried to the court below without a jury and largely on a stipulation of facts, though he did testify. The substance of Kahriger's factual defense was that he could not register in the terms required by Form 11–C without incriminating himself, and, since the Collector would not permit him to pay the tax unless he registered, he, therefore, could not pay the tax. The contents of the stipulation and his testimony are set out at a later point in this opinion. At appropriate times Kahriger moved for a judgment of acquittal. The court denied the motions and found him guilty as charged on both counts and he has appealed.

■ Kahriger makes several contentions. He asserts that the application of the statute to him by means of Form 11–C, the "Special Tax Return and Application for Registering—Wagering", is unconstitutional, saying that the registration requirements would require him to incriminate himself despite the prohibition of the Fifth Amendment. The short answer to this contention is that Form 11–C precisely follows the terms of the statute and since the latter has been held constitutional by the Supreme Court, the constitutional question raised by Kahriger is no longer open to us.[1]

■ Kahriger next asserts that a willful failure to register for the special occupational tax is not made a criminal offense by the statute.[2] But

1. In oral argument Kahriger distinguished the circumstances of the prior appeal from those of the case at bar, pointing out that the original appeal was based on a denial of a motion to dismiss on the pleading, no evidence having been received, while the appeal at bar is based on a denial of motions for judgment of acquittal, a stipulation and evidence having been received. He asserts that there is now evidence which indicates that the questions required by the statute and Form 11–C required him to incriminate himself. Kahriger contends that the Supreme Court interpreted the statute without the benefit of having in the record circumstances which showed Kahriger's status as a professional gambler. This is true but the difficulty in supporting his contention is that no facts are to be found in the stipulation and evidence that show that he would have incriminated himself had he filled out the form. He might, perhaps, have made such proof but he did not do so. His contention therefore cannot be sustained.

2. The pertinent provisions of Title 26 are as follows:

"3290. Tax.—A special tax of $50 per year shall be paid by each person who is liable for tax under subchapter A [§§ 3285 to 3287 of this title] or who is engaged in receiving wagers for or on behalf of any person so liable. (as added Oct. 20, 1951, c. 521, Title IV, Part VII, § 471(a), 65 Stat. 529.)

"3291. Registration.—(a) Each person required to pay a special tax under this subchapter [§§ 3290 to 3294 of this title] shall register with the collector of the district—

"(1) his name and place of residence;

"(2) if he is liable for tax under subchapter A [§§ 3285 to 3287 of this title], each place of business where the activity which makes him so liable is carried on, and the name and place of residence of each person who is engaged in receiving wagers for him or on his behalf; and

"(3) if he is engaged in receiving wagers for or on behalf of any person liable for tax under subchapter A [§§ 3285 to 3287 of this title], the name and place of residence of each such person.

"(b) Where subsection (a) requires the name and place of residence of a firm or company to be registered, the names and places of residence of the several persons constituting the firm or company shall be registered.

"(c) In accordance with regulations prescribed by the Secretary, the collector may require from time to time such supplemental information from any person required to register under this section as may be needful to the enforcement of this chapter [§ 3285 et seq. of this title]. (As added Oct. 20, 1951, c. 521, Title IV, Part VII, § 471(a), 65 Stat. 529.)

"3292. Certain provisions made applicable.—Sections 3271, 3273(a), 3275, 3276, 3277, 3279 and 3280 shall extend to and apply to the special tax imposed by this subchapter [§§ 3290 to 3294 of this title] and to the persons upon whom it is imposed, and for that purpose any activity which makes a person liable for special tax under this subchapter shall be considered to be a business or occupation described in chapter 27 [§ 3200 et seq. of

Section 3291, 26 U.S.C., provides that he who is liable to pay the special tax must register. Section 3294(c) states that the penalties imposed by Section 2707 "with respect to the tax imposed" by Section 2700 shall apply with respect to the tax imposed by Section 3290. On this record it is clear that Kahriger falls within the class of persons described by Section 3290 and that registration is required of him by Section 3291. Section 3294 does not prescribe in express words a penalty for a willful failure to register. Section 2707(b) of the so-called "Firearms Act", referred to in Section 3294, provides that any person required to "pay any tax" or to "make a return" or to "supply any information," who willfully fails to do so, shall be liable to the penalties prescribed by the subsection. The question then becomes: did Kah-

this title]. No other provision of subchapter B of chapter 27 [§ 3270 et seq. of this title] shall so extend or apply. (As added Oct. 20, 1951, c. 521, Title IV, Part VII, § 471(a), 65 Stat. 529).

"3293. Posting.—Every person liable for special tax under this subchapter [§§ 3290 to 3294 of this title] shall place and keep conspicuously in his principal place of business the stamp denoting the payment of such special tax; except that if he has no such place of business, he shall keep such stamp on his person, and exhibit it, upon request; to any officer or employee of the Bureau of Internal Revenue. (As added Oct 20, 1951, c. 521, Title IV, Part VII, § 471(a), 65 Stat. 529.)

"3294. Penalties.—(a) Failure to pay tax.—Any person who does any act which makes him liable for special tax under this subchapter [§§ 3290 to 3294 of this title], without having paid such tax, shall, besides being liable to the payment of the tax, be fined not less than $1,000 and not more than $5,000.

"(b) Failure to post or exhibit stamp. —Any person who, through negligence, fails to comply with section 3293, shall be liable to a penalty of $50, and the cost of prosecution. Any person who, through willful neglect or refusal, fails to comply with section 3293, shall be liable to a penalty of $100, and the cost of prosecution.

"(c) Willful violations.—The penalties prescribed by section 2707 with respect to the tax imposed by section 2700 shall apply with respect to the tax imposed by this subchapter [§§ 3290 to 3294 of this title]. (As added Oct. 20, 1951, c. 521, Title IV, Part VII, § 471(a), 65 Stat. 529.)"

"2707. Penalties.—(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed by section 2700(a), or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax evaded, or not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. No penalty shall be assessed under this subsection for any offense for which a penalty may be assessed under authority of section 3612.

"(b) Any person required under this subchapter [§§ 2700 to 2713 of this title] to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution.

"(c) Any person required under this subchapter to collect, account for and pay over any tax imposed by this subchapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subchapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs, of prosecution.

"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

Section 2707 is part of Subchapter A ("Pistols and Revolvers") of Chapter 25 ("Firearms") of the Internal Revenue Code.

riger's failure to register fall within the language of Section 2707(b)?

Kahriger contends that certain designated failures to conform with the provisions of the special occupational tax act relating to wagering, such as failure to pay the tax or post the stamp, specifically are made subject to penalty by Section 3294. From this he seems to argue that we must look only to Section 3294 for the imposition of penalties. But this is not so. If the failure to register prescribed by Section 3291 is the equivalent of failure to supply information under Section 2707(b), a penalty has been prescribed. Having in mind that this is a criminal statute and therefore must be construed strictly, we conclude nonetheless that the phrase to "supply any information" in Section 2707(b) is in substance identical with the requirement of registration required by Section 3291. This is clearly demonstrated by the provisions of the subdivisions of that section and the point need not be labored further. We are of the opinion, therefore, that a willful failure to register is a criminal offense and was adequately described in Count II. Other arguments made by Kahriger as to the scope of the statute need not be discussed here.

An additional point, however, is urged by Kahriger, viz., that the evidence does not sustain the charge of a willful failure to register and a willful failure to pay the occupational tax. On this ground we find it necessary to reverse the judgments of conviction and to direct the court below to enter judgments of acquittal on both counts. Our reasons follow. It will be observed that the word "willfully" is used in both counts. 26 U.S.C. § 3294(c) by its terms provides that the penalties prescribed by Section 2707 of Title 26 with respect to the tax imposed by Section 2700 shall apply with respect to the tax imposed by the subchapter insofar as "Willful Violations" are concerned. No minimum penalty is provided by Section 2707, but Section 3294(a) prescribes a penalty, a fine of not less than $1,000 and not more than $5,000 to be imposed on any person who does an act which makes him liable for the special tax without having paid such tax. See 65 Stat. 531. The word "willfully" is not used in Section 3294(a)

In United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, the Supreme Court passed upon the validity of convictions for violations of Section 1114(a) of the Revenue Act of 1926 and of Section 146(a) of the Revenue Act of 1928. See 44 Stat. 116 and 45 Stat. 835. The statutes referred to made it a misdemeanor for a taxpayer "willfully" to fail to supply information in regard to his income. Murdock refused to give the information lest he incriminate himself, claiming the privilege of the Fifth Amendment. At that time the law upon the point was unsettled. The Supreme Court held that the taxpayer's fear was a reasonable one and that on trial, after the issue of self-incrimination had been settled unfavorably to Murdock, he was nonetheless entitled to an instruction to the jury as to his good faith in refusing to answer the questions which he feared would be self-incriminating.[3]

---

3. Murdock had requested that the following instruction be given to the jury, 290 U.S. at page 393, 54 S.Ct. at page 225, 78 L.Ed. 381: "'If you believe that the reasons stated by the defendant in his refusal to answer questions were given in good faith and based upon his actual belief, you should consider that in determining whether or not his refusal to answer the questions was willful.'"

Mr. Justice Roberts stated, at 290 U.S. at page 396, 54 S.Ct. at page 226, 78 L. Ed. 381: "He whose conduct is defined as criminal is one who '*willfully*' fails to pay the tax, to make a return, to keep the required records, or to supply the needed information. Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct. And the requirement that the omission in these instances must be will-

There is no substantial difference in the wording of Section 2707(b) of Title 26 U.S.C. and Section 1114(a) of the Revenue Act of 1926.[4] In the instant case the issue of instructions to the jury is not before us for Kahriger was tried to the court, but all the proof or evidence offered or received in the case consisted of an oral stipulation[5] and a little testimony offered by Kahriger.[6]

It was stipulated that Kahriger on or before November 26, 1951, at Philadelphia, was engaged in the business of accepting wagers and did accept wagers as defined in Title 26, Sec. 3285, and failed to pay the special tax imposed by Section 3290 because the Collector of Internal Revenue would not accept payment of this tax unless Kahriger first registered by furnishing complete-

ful, to be criminal, is persuasive that the same element is essential to the offense of failing to supply information."

While some language in the more recent case of Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, seems to look the other way, we are satisfied that United States v. Murdock is still law.

4. The sole difference in wording is the use of the word "Act" in Section 1114(a), whereas Section 2707(b) reads "subchapter". See 44 Stat. 116.

5. "The Court: Is Mr. Kahriger here?
"Mr. Kossman: [counsel for Kahrig-] er] Yes, sir.
"The Court: Now, there are two counts in this bill, failure to register for the special occupational tax and failure to pay the occupational tax on wagers, two counts.
"There is a stipulation as to what the actual facts are?
"Mr. Brown: [prosecuting] Yes, sir.
"Mr. Kossman: Yes, sir.
"It is stipulated between the defendant and the United States Government that if the agents of the Internal Revenue Bureau and other persons were to testify from the witness stand they would state the following facts: That the defendant on and before November 26, 1951, at Philadelphia, was engaged in the business of accepting wagers, and did accept wagers as defined in Title 26 U.S.Code, Section 3285, and that the defendant failed to pay the special tax imposed by Title 26 U.S.Code, Section 3290 due and owing to the United States of America for the year ending June 30, 1952, because the Collector of Internal Revenue would not accept payment for this tax unless the defendant first registered by furnishing completely the information required on Form 11–C, which defendant refused to do because defendant contended it would have incriminated him of Federal and State offenses.
"The Court: What does the defendant say about that?

"Mr. Kossman: The defendant admits those facts.
"The Court: Admits that as the truth?
"Mr. Kossman: Admits that as the fact.
"It is also stipulated if the agents and other Government witnesses were to testify on behalf of the Government they would testify that defendant on and before November 26, 1951, at Philadelphia, was engaged in the business of accepting wagers and did accept wagers as defined in 26 U.S.Code, Section 3285, and failed to register for the special occupational tax because defendant contended it would have incriminated him of Federal and State offenses.
"Now, the defendant admits that, and does not contest the foregoing facts as we have stated them to be.
"The Court: On that stipulation of facts you ask the Court sitting as a jury to decide as to the guilt or innocence of the defendant?
"Mr. Kossman: If the Court please, of course it is up to the Government.
"Mr. Brown: At this time the Government will rest based on the facts as stipulated.
"The Court: Very good."

6. "By Mr. Kossman:
"Q. Now, Mr. Kahriger, why did you not register and pay the tax that was imposed by Title 26 U.S.Code, Section 3290?
"A. The reason I did not register was because I would have to fill out Form 11-C completely and if I did that I would have incriminated myself of Federal and State offenses.
"The reason I did not pay the tax was because the Collector of Internal Revenue would not accept payment of the tax unless I first registered which I did not do because it would have incriminated myself of Federal and State offenses.
"The Court: Very good."

ly the information required on a form specified as Form 11–C; that Kahriger refused to do this because he contended that it would have incriminated him of Federal and State offenses. Kahriger did not bring any additional pertinent information into the record upon his brief examination in chief. There was no cross-examination.

The circumstances of the instant case are very similar to those of Murdock. The undisputed evidence is that Kahriger refused to fill out the required registration form because the questions on Form 11–C if answered required him, in his opinion, to incriminate himself of Federal and State offenses. He claimed his privilege under the Fifth Amendment. While the privilege was found to be legally insufficient by the Supreme Court, nonetheless he was able to convince three Justices that he might incriminate himself if he complied with the statute. See Kahriger, 345 U.S. at pages 36–40,[7] 73 S.Ct. 510, 97 L.Ed. 754. The decision of the Supreme Court in the instant case, United States v. Kahriger, supra, was the first time that the issue of self-incrimination posed by the statute had ever been adjudicated by that Tribunal. Under the circumstances, it cannot be said that Kahriger's attitude was unreasonable. Cf. United States v. Martell, 3 Cir., 1952, 199 F.2d 670, and Hatfried, Inc. v. Commissioner of Internal Revenue, 3 Cir., 1947, 162 F.2d 628.

The testimony given by Kahriger goes no further than the stipulation and was indeed but the echoing of it. The United States was conclu-

sively bound on the facts stated in the stipulation as indeed, under the circumstances, was the court below. There is nothing in the record, no scintilla of proof, that Kahriger refused the information *willfully*, that is to say that he refused to register because of "bad faith" or "evil intent". True his failure to register was "voluntary", but that is not sufficient. See United States v. Murdock, 290 U.S. at pages 397–398, 54 S.Ct. 223, 78 L.Ed. 381. In our opinion the United States has completely failed to meet the burden of proof imposed upon it under the circumstances.

It follows that the court below was in error in finding Kahriger guilty as charged in the information, viz., guilty of *willful* violations of the statute. That the court did so is demonstrated by the fact that it imposed a penalty of only $500 to be paid by Kahriger on each count as required by Section 2707 (b). Had the court found him guilty of failure to pay the tax under Section 3294(a), this subsection not requiring proof of willfulness, the fine on Count I would have to have been at least $1,-000. The offense proscribed by Section 3294(a) is in all probability a lesser one than that defined by Section 3294 (c) which, as has been pointed out, relates to willful violations.[8] We do not have to decide this question and the possible application of Rule 31(c), Fed.Rules Cr.Proc.,[9] for the case was tried by the United States on the theory of willful violations and so went to the trier of the facts. The record in the trial court is devoid of any suggestion that a penalty should have been im-

---

**7.** By contrast, in Murdock's case there was evidence to sustain all the allegations of the indictment. See Murdock v. United States, 7 Cir., 1932, 62 F.2d 926, 927.

**8.** Section 2707, I.R.C., which prescribed the penalties for willful violations of Section 3294(c) lays emphasis on the word "willful". Subparagraph (a) speaks of any person "who willfully fails to pay * * *" the tax imposed and subsection (b) refers to any person who is required to pay any tax or required by law or regulations to make a return, keep

any record or supply any information who "willfully" fails to do so. The accent throughout is on the word "willfully".

**9.** Rule 31(c), Fed.Rules Cr.Proc. 18 U.S. C., provides: *"Conviction of Less Offense.* The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

posed for a non-willful failure to pay the tax under Section 3294(a). The issue of possible application of Rule 31 (c) was not raised by the parties in this court. We have adverted to it *sua sponte* to the end that possible future confusion may be avoided. We think it is clear that on the record Kahriger's motions for judgment of acquittal should have been granted. We are also of the opinion that the case is not one in which we should exercise our power, if we possess such, to remand the case so that a sentence under Section 3294 (a) might be imposed on him.

Accordingly, the judgments of conviction will be reversed and the cause will be remanded with the direction to enter judgments of acquittal on both counts.