309 F.2d 435
 62-2 USTC P 1545
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louis MARCHIONTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carman PERFETTE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony DELSANTER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nick DeNUNZIO, Defendant-Appellant.
 Nos. 14877-14880.
 United States Court of Appeals Sixth Circuit.
 Nov. 8, 1962.
 
 1
 Fred H. Mandel, Cleveland, Ohio, for Anthony Delsanter.
 
 
 2
 Samuel Petkovich, Warren, Ohio, for Louis Marchionte and Carman Perfette.
 
 
 3
 John Spain, Warren, Ohio, for Nick DeNunzio.
 
 
 4
 Gerald J. Celebrezze, Asst. U.S. Atty., Cleveland, Ohio, Merle M. McCurdy, U.S. Atty., Burt W. Griffin, Asst. U.S. Atty., Cleveland, Ohio, on brief, for appellee.
 
 
 5
 Before WEICK and O'SULLIVAN, Circuit Judges, and PECK, District Judge.
 
 
 6
 JOHN W. PECK, District Judge.
 
 
 7
 The principal question presented by this appeal is whether the record of the trial contains substantial evidence to support a finding that the defendants were guilty beyond a reasonable doubt of engaging in the business of accepting wagers in violation of Section 7262 of the Internal Revenue Code of 1954 and this question is resolved in the affirmative. While a careful scrutiny of that record discloses varying degrees of complicity as to the individual defendants, tallying of the evidence against each clearly discloses substantial support for the conclusion of the trial court, which heard the consolidated cases without a jury.
 
 
 8
 A second question arises from the unfortunate fact that an agent of the Internal Revenue Service saw fit to give advance notice of the raid which resulted in these prosecutions to the city editor of the community's principal newspaper. This notification, made approximately three days before the raid, resulted in the presence of a newspaper photographer and reporter; they remained throughout the time consumed by the raid, which was in excess of an hour and a half.
 
 
 9
 We are not here required to pass upon the rather surprising contention of the government that advance notice to agents of the press and their presence at the scene of the raid was not only reasonable but beneficial, since the defendants have failed to establish even the possibility of an infringement of their rights thereby. While no reported opinion deals directly with this point, the philosophy indicated in Aiuppa v. United States, 201 F.2d 287 (6 Cir. 1952) is in accord with this conclusion. See also, Donahue v. Warner Brothers, 194 F.2d 6 (10 Cir. 1952) and Bridges v. California, 314 U.S. 252, 62 S.Ct. 190, 86 L.Ed. 192 (1945).
 
 
 10
 The defendants further complain that the affidavit pursuant to which the search warrant used in the raid issued was legally insufficient because included therein was the statement that the affiant had received 'confidential information considered reliable' of gambling operations. In support of this proposition defendants cite cases where affidavits containing similar language were held legally insufficient (e.g., Byars v. United Staes, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520), but in those cases the affiants' information came entirely from undisclosed sources. Such is not the situation here, where the affidavit describes in detail circumstances sworn to have been personally observed by the affiant. United States v. Pearce, 275 F.2d 318 (7 Cir. 1960), is cited by both the government and the defendants. That case held the warrant improperly issued under an affidavit similar on its face to the one here involved but false in fact, in that affiant's personal knowledge was not as alleged. This variance makes the case of little assistance except to the extent that it indicates that under the circumstances of the present case the affidavit would be sufficient. We so hold.
 
 
 11
 Defendants' remaining contention felt to here require comment concerns the claim that they were not sufficiently apprised of the offense charged in the information. In each instance, the information alleges that the named defendant engaged in the business of accepting wagers 'on what is commonly called 'football pool" without rgistering or paying a special tax as required under Sections 4411 and 4412 of the Internal Revenue Code of 1954, in violation of Sections 7262 and 7203 of Title 26 of the United States Code. The information sufficiently apprised the defendants of the offense charged and of the time and place thereof. United States v. Kahriger, 210 F.2d 565 (3 Cir. 1954); Hodges v. United States, 223 F.2d 140 (5 Cir. 1955); Burk v. United States, 179 F.2d 305 (4 Cir. 1950).
 
 
 12
 For the reasons hereinabove set forth the judgment in each of the within cases is affirmed.