**BOWLES, Price Administrator, v. SEITZ et al.**

**Civil Action No. 716.**

District Court, W. D. Tennessee, W. D.

Oct. 10, 1945.

774

James O. Clarke and Paul Hyman, both of Memphis, Tenn., for plaintiff.

Lowell W. Taylor, Frank B. Gianotti, Jr., and James W. Watson, all of Memphis, Tenn., for defendant.

BOYD, District Judge.

The defendant, J. Edward Seitz, has been required to testify and produce documentary evidence in accordance with an administrative subpœna duces tecum and an order of Court in connection with the treble damage feature of this case. This defendant claims his constitutional privilege against self-incrimination and invokes Section 202(g) of the Emergency Price Control Act, 50 U.S.C.A.Appendix § 922 (g), and the Compulsory Testimony Act, found in 49 U.S.C.A. § 46.

It is plaintiff's contention that the present action for treble damages is not a "criminal case" within the meaning of the Fifth Amendment and, therefore, it is not the type of case to which immunity conferred by Section 202(g) of the Emergency Price Control Act extends. The Court agrees with the plaintiff's contention. While our Circuit Court of Appeals, in Bowles, Administrator, v. Farmers National Bank of Lebanon, Kentucky, 6 Cir., 147 F.2d 425, held that the exaction of treble damages established by this statute in Section 205(e), 50 U.S.C.A.Appendix § 925(e), falls within the classification of a penalty, it does not necessarily follow that it is such a penalty as would entitle one to claim his constitutional privilege against self-incrimination.

Penalties are of many types and are "elastic in meaning." Huntington v. Attrill, 146 U.S. 657, 667, 13 S.Ct. 224, 227, 36 L.Ed. 1123; Helvering v. Mitchell, 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917. As to whether they are in nature "criminal" is not always clear. Quoting Mr. Justice Cardozo in Life & Casualty Co. v. McCray, 291 U.S. 566, 574, 54 S.Ct. 482, 486, 78 L. Ed. 987, " 'penalty' is a term of varying and uncertain meaning. There are penalties recoverable in vindication of the public justice of the state. There are other penalties designed as reparation to sufferers from wrongs." The Court is of the opinion that treble damages sued for in this action is a penalty which comes within the latter class; that is, one "designed as reparation to sufferers from wrongs," and that its motivating purpose is to protect the public at large from inflationary tendencies. This was clearly the intent and purpose of Congress in enacting the Emergency Price Control Act. This is all the more apparent since Congress enacted the special provision under Section 205(b) of the Emergency Price Control Act, 50 U.S.C.A.Appen-

dix § 925(b), providing for willful or criminal violations.

Congress has clearly expressed its intention to make the treble damage action provided for under Section 205(e) one of a civil nature rather than criminal. In Helwig v. United States, 1903, 188 U.S. 605, at page 613, 23 S:Ct. 427, at page 430, 47 L.Ed. 614, the Supreme Court said:

"If it clearly appear that it is the will of Congress that the provision shall not be regarded as in the nature of a penalty, the court must be governed by that will."

■ It was intended that the constitutional privilege against self-incrimination should apply only to criminal cases in the ordinary sense of that term.

Claims of violations of rights guaranteed by the Fifth Amendment in requiring testimony and the production of the records in question are without merit since this is not a "criminal" action.

■ Irrespective of the foregoing aspect of the case, plaintiff's position is sustained for the additional reason that the Price Administrator is authorized under Section 202(b) of the Emergency Price Control Act to require one engaged in business to make and keep records and other documents and to make reports, and may require any. such person to permit inspection and copying of records and other documents. Such records, so required by the statute and Maximum Price Regulation No. 97 thereunder, are quasi-public documents and are not private records within the doctrine laid down in Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746. They are open to inspection by such persons and officers as are duly authorized under the statute to inspect them, and do not come within the immunity provisions of the statute or constitution.

This principle was enunciated and elaborated upon in Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 544, 55 L.Ed. 771, Ann.Cas.1912D, 558. In that case the Supreme Court pointed out the distinction in the matter of privilege between private papers and records and those of a public, or quasi-public, nature, saying:

"The principle applies not only to public documents in public offices, but also to records required by law to be kept in order that there may be suitable information of transactions which are the appropriate subjects of governmental regulation, and the enforcement of restrictions validly established."

This doctrine has been sustained by the Court in the following recent cases: Bowles, Adm'r, v. Beatrice Creamery Co., 146 F.2d 774, 779; Bowles, Adm'r, v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566; Bowles, Adm'r, v. Joseph Denunzio Fruit Co., D.C., 55 F.Supp. 9; Bowles, Adm'r, v. Chew, D.C., 53 F.Supp. 787; Bowles, Adm'r, v. Amato, D.C., 60 F.Supp. 361.

Also, compare Rodgers v. United States, reported in 138 F.2d 992, an opinion by our Sixth Circuit Court of Appeals, in which records and reports required by the Agricultural Adjustment Act, 7 U.S.C.A. § 1281 et seq., are held to be quasi-public documents, open to inspection by such persons and officers as are authorized under the statute to inspect them and further holding that the requirement that such reports be made does not violate the constitutional privilege against self-incrimination.

■ It, therefore, follows that the defendant, J. Edward Seitz, by reason of his testimony and production of the records called for, is not entitled, for the purposes of this proceeding, to claim the immunity guaranteed by Section 202(g) of the Emergency Price Control Act or the Fifth Amendment to the Constitution.