**BOWLES, Adm'r, OPA, v. MONTGOMERY et al.**

No. 3801.

District Court, W. D. Pennsylvania.

June 3, 1946.

Thomas F. Garrahan, of Pittsburgh, Pa., for plaintiff.

Marvin D. Power and Margiotti & Casey, all of Pittsburgh, Pa., for defendants.

John Wherry, of Grove City, Pa., for Estate.

GOURLEY, District Judge.

In this case the Office of Price Administration, on February 2, 1945, filed a complaint against Charles H. Montgomery and Charles B. Montgomery, individually, and trading as Montgomery Builders Supply, under Section 205(a) and Section 205(e) of the Emergency Price Control Act of 1942 as amended. Section 205(a) provides for application for an injunction and Section 205(e) provides for the institution of an action for damages, 50 U.S.C.A.Appendix, § 925.

Charles H. Montgomery, one of the above named defendants, died intestate on or about April 28, 1945. Letters of Administration upon the estate of the said Charles H. Montgomery were issued, on May 22, 1945, to Laura Blair Montgomery and Charles B. Montgomery, as administrators, by the Register of Wills of Mercer County, Pennsylvania.

Subsequent to the appointment of administrators of the estate of Charles H. Montgomery, the Administrator of the Office of Price Administration, through its legal counsel, filed a motion with the Court for leave to substitute as party defendants Laura Blair Montgomery and Charles B. Montgomery, administrators of the estate of Charles H. Montgomery, and to this motion counsel for the estate has filed its objection.

The question, therefore, before the Court for consideration is—Does an action filed by the Administrator under the provisions of Sections 205(a) and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925, survive after death of one of the party defendants?

Rule 25(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides as follows:

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district.

"(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested upon the record and the action shall proceed in favor of or against the surviving parties."

Under the provisions of 28 U.S.C.A. § 778, it is provided as follows: "When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case may require."

It was furthermore held in the case of Schreiber v. Sharpless, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65, that the personal representative of a deceased party to a suit cannot prosecute or defend a suit after his death, unless the cause of action, on account of which the suit is brought, is one that survives by law. At common law actions on penal statutes do not survive, and there is no Act of Congress which establishes any other rule in respect to actions on the penal statutes of the United States. So that if the cause of action dies with the person, the suit abates and cannot be revived.

It, therefore, appears that unless the statute contains some provision as to survival, the question is determined by the

common law and it is, therefore, necessary to determine whether the recoveries permitted under the Emergency Price Control Act are compensatory or contain liquidatory damages, or a penalty.

■ In connection with the claim for injunctive relief, since the actions sought to be enjoined are of a purely personal character, there is no question but what the right of action abates on the death of the individual concerned. The Administrator was well aware of this provision in law for in his motion to substitute the representatives of said estate as party defendants, such authority was not requested as far as injunctive relief was concerned.

Counsel for the estate have commented on the right of substitution in their argument and in the preparation of their brief, as far as injunctive relief is concerned, and in order that no misunderstanding will exist, the Court hereby finds that the complaint filed against Charles H. Montgomery for injunctive relief under the provisions of Section 205(a) of the Emergency Price Control Act abated with death on April 28, 1945. 1 Corpus Juris, page 179, § 314; 1 Corpus Juris Secundum, Abatement and Revival, § 134, page 183.

Although the right to injunctive relief abates with the death of the defendant where the relief claimed is personal in nature, it does not necessarily bar the right for a money claim unless said claim, as a matter of law, did not survive the death of the party defendant.

From an exhaustive research of the law, it appears that the question involved has not been considered by the Appellate Court in this circuit or by the Supreme Court of the United States. However, it has been held that under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. A. § 201 et seq., the liquidated damage provision is not penal in its nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages. Brooklyn Bank v. O'Neil, 324 U.S. 697 at 707, 65 S.Ct. 895, 89 L.Ed. 1296.

On the basis of this decision, it has been held that a cause of action filed under the provisions of the Fair Labor Standards Act does not abate since the action is not for a penalty but for a debt, or an action for wages due under an employment contract. Fletcher v. Grinnell Bros., D.C., 64 F.Supp. 778.

■ The basic test whether a law is penal, in a strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual. Huntington v. Attrill, 146 U.S. 657 at 668, 13 S.Ct. 224, 36 L.Ed. 1123.

The purpose of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901, is stated as follows: "It is hereby declared to be in the interest of the national defense and security and necessary to the effective prosecution of the present war, and the purposes of this Act are, to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation, and other disruptive practices resulting from abnormal market conditions or scarcities caused by or contributing to the national emergency * * *."

■ This describes a threatened injury to the public. While private rights and interests are necessarily affected, the controlling purpose of the statute is to protect the public during the war emergency. Bowles, Price Administrator, v. Farmers National Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425.

It appears to me that the suit which can be filed for treble damages is plainly intended by Congress to be used as a method of enforcement equally with the other methods provided under the Emergency Price Control Act, by way of the payment of penalties either to the Administrator or to the person injured. As far as the individual is concerned, the amount of such payments supplies a direct and powerful incentive for the enforcement of the Act by the individual since the treble damage provision stimulates an aggrieved person to recover his losses and to enforce the law. Furthermore, it is somewhat similar to an imposition of a fine where it is not believed that a jail sentence should be imposed in a

criminal case since the imposition of treble damages often times is sufficiently burdensome to deter potential violators and to punish actual violators.

Law enforcement generally is for three purposes: To punish the offender, to deter potential violators from commission of a similar crime, and to subject a person to such confinement as might be deemed advisable to train and help him to re-adjust himself so that he can return to his place in society and the community. Although authority exists to impose treble damages, the sum exacted from a violator is in a majority of instances greatly disproportionate to the actual loss sustained or the overcharge made, and this situation carries all the earmarks of a penalty rather than damages.

The fact that the sum is to be recovered in the nature of a civil action, does not determine the nature of the exaction. Hepner v. United States, 213 U.S. 103, 29 S.Ct. 474, 53 L.Ed. 720, 27 L.R.A.,N.S. 739, 16 Ann.Cas. 960.

It is true that penalties are of many types and are elastic in meaning, sometimes uncertain, and found to be varied. There are penalties recoverable in vindication of the public justice. There are other penalties designed as reparation to sufferers from wrongs. It appears to me that the treble damage provision is a penalty "designed as reparation to sufferers from wrongs", and that its motivating purpose is to protect the public at large from inflationary tendencies. Bowles, Price Administrator, v. Seitz, et al., D.C., 62 F.Supp. 773, 774.

It has furthermore been held that in an action for treble damages, a defendant cannot be required to give evidence viva voce or to produce his private papers, since to so require would deny the defendant his constitutional rights under the provisions of the Fourth and Fifth Amendments. Bowles, Price Administrator, v. Amato et al., D.C., 60 F.Supp. 361.

If Congress had provided that recoveries under the provisions of the Emergency Price Control Act were to be considered compensatory or liquidating damages, such a declaration would be controlling in the instant case, and the right to substitute the representatives of said estate would be definite.

It, therefore, appears that the provisions as to treble damages should be read in the light of the purpose of the statute, and of the enforcement of said provisions. It appears to me that the intrinsic nature of the enforcement provisions of said Act, and the purposes for which it was enacted, carry the mind to no other conclusion than the fact that the treble damage provision was a penalty rather than liquidating damages or compensation.

In the case of Bowles, Administrator, v. Farmers Nat. Bank of Lebanon, Ky., reported in 6 Cir., 147 F.2d 425, it has been held that where an action had not been filed prior to death under the provisions of the Emergency Price Control Act, that such right of action, if any existed, abated with the death of the claim violator.

The only distinction between the case just cited and the one before the Court for consideration is that in the present case the action had been filed prior to the death of the claimed violator.

It is very difficult to draw a distinction between a cause of action abating where it has not been filed prior to death, and a cause of action not abating which has been filed but which has not been adjudicated prior to death. I, therefore, find that it was the intent of Congress, in the enactment of the provision which provided for treble damages, to prevent the practice of selling above ceiling prices and that a penalty rather than damages is involved.

The motion of the Administrator for leave to substitute Laura Blair Montgomery and Charles B. Montgomery, administrators of the estate of Charles H. Montgomery, deceased, as party defendants is, therefore, refused.

An appropriate order will be filed with this opinion.