**PFITZINGER v. UNITED STATES CIVIL SERVICE COMMISSION.**

Civ. No. 580–49.

United States District Court
D. New Jersey.

March 13, 1951.

Frederick F. Richardson, New Brunswick, N. J., for petitioner.

Grover C. Richman, U.S. Atty., Edward V. Ryan, Asst. U.S. Atty., Newark, N. J., for respondent.

**2**

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein pursuant to Section 12(c) of the Hatch Political Activity Act, as amended, 5 U.S.C.A. § 118k(c). The petitioner avers that he is aggrieved by the report heretofore made by the United States Civil Service Commission and the order entered thereon. The entire record, certified and filed herein by the Commission pursuant to the mandate of the statute, is before the Court. There is no genuine issue as to any material fact and the Court's consideration has, therefore, been limited to the questions of law.

We see no reason to discuss at length the many arguments advanced in support of the petition. The only important questions raised by these arguments have been fully answered by the Supreme Court. State of Oklahoma v. United States Civil Service Commission, 330 U.S. 127, 67 S.Ct. 544, 91 L.Ed. 794; United Public Workers v. Mitchell, 330 U.S. 75, 94 et seq., 67 S.Ct. 556, 91 L.Ed. 754. The opinion of the Court in the latter case contains a complete discussion of the legislation and the reasons which prompted its enactment. There is but one argument here made which requires discussion.

The record discloses that the petitioner appeared at the hearing in obedience to a subpoena which was apparently issued by the Commission pursuant to Section 12(d) of the Act, 5 U.S.C.A. § 118k(d). He was called as a witness by the designated examiner and gave relevant testimony as to the nature of the political activity in which he had been engaged. The record further discloses that the petitioner was represented by counsel and that neither he nor his counsel interposed any objection to his being called as a witness. The constitutional privilege against self-incrimination was not invoked at the hearing.

The petitioner here urges for the first time that he was compelled to testify at the hearing in violation of his constitutional privilege against self-incrimination. Const. Amend. V. This privilege is personal and is deemed waived unless appropriately invoked. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 113, 47 S.Ct. 302, 71 L.Ed. 560; Edwards v. United States, 10 Cir., 131 F.2d 198, 199; May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, 1001. The failure of the petitioner to assert his constitutional immunity at the hearing, even if we assume that he had a right to assert it, must be interpreted as a waiver of the privilege. Ibid. This interpretation is fortified by the fact that the petitioner voluntarily filed an answer in which he admitted the specific charges made in a Letter of Charges filed by the Commission.

We must concede that the petitioner was required to appear at the hearing in obedience to the subpena, but, notwithstanding the language of the statute, he could not be compelled to give self-incriminatory testimony in violation of the Fifth Amendment. The statute contains the following provision: "No person shall be excused from attending and testifying * * * in obedience to a subpena on the ground that the testimony or evidence, * * *, required of him may tend to incriminate him or subject him to a penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled to testify, * * *, before the Commission in obedience to a subpena issued by it". This provision must be construed as coextensive with and not in violation of the Fifth Amendment. Any other construction would make the provision unconstitutional and void. This statutory provision must be narrowly construed despite its apparently broad language.

The constitutional privilege against self-incrimination cannot be invoked unless the witness is called upon to give evidence which will expose him to either criminal prosecution or imposition of a penalty under a federal law. Boyd v. United States, 116 U.S. 616, 633 et seq., 6 S.Ct. 524, 29 L.Ed. 746; United States v. Murdock, 284 U.S. 141, 148 et seq., 52 S.Ct. 63, 76 L.Ed. 210. The testimony which the petitioner gave at the hearing, and without objection, was not of such a nature as to expose him to either of these consequences. The political activity in which the petitioner admittedly engaged, and concerning which he

gave testimony, warranted nothing more than the imposition of a remedial sanction, to wit, removal from his position.

The imposition of such a remedial sanction, although it may be of serious consequence to the person affected, may not be regarded as the forfeiture of a right; it is our opinion that it is nothing more than the withholding of a privilege. A person may have a right to qualify for and hold "public office," but he has no right to "public employment;" the latter is nothing more than a privilege which is subject to termination at the will of the employer, subject only to the applicable civil service laws. The distinction is recognized by the Act, which by its express terms is not applicable to: "(1) the Governor or the Lieutenant Governor of any State or any person who is authorized by law to act as Governor, or the mayor of any city; (2) duly elected heads of executive departments of any State, or municipality who are not classified under a State or municipal merit or civil-service system; (3) officers holding elective offices." Section 12(a), 5 U.S.C.A. § 118k(a).

The order of the United States Civil Service Commission is affirmed.