In the Matter of JAMES A. DELEHANTY, as Third Deputy Police Commissioner of the City of New York, Petitioner. CHARLES GOUBEAUD, Respondent.

Supreme Court, Special Term, New York County, August 20, 1952.

*Denis M. Hurley, Corporation Counsel* (*Victor J. Herwitz, Seymour B. Quel* and *Milton Mollen* of counsel), for petitioner.

*Sydney Rosenthal* and *Keal Kaufman* for respondent.

*James H. Tully* and *Truman H. Luhrman* for Patrolmen's Benevolent Association of the City of New York, *amicus curiæ.*

SAXPOL, J. This is a companion application to that of *Matter of Delehanty* (*Sullivan*) (202 Misc. 33), decided simultaneously herewith. Here the respondent appeared before the third deputy police commissioner in response to a subpœna. He was sworn and answered a few questions. He refused, however, to answer other questions.

In addition to the contentions urged by the respondent in the companion application which I have already overruled, this respondent invokes section 355 of the Civil Practice Act, insofar as that statutory provision permits a witness to refuse to answer when the answer would " expose him to a penalty or forfeiture ". It is apparent from the record before the trial commissioner that respondent disclaims reliance upon that part of section 355 of the Civil Practice Act which would "tend to accuse himself of a crime " (Minutes of Hearing, Aug. 14, 1952, p. 2346).

The words " penalty " and ".forfeiture " are of equivocal meaning and import. There are penalties and forfeitures which are imposed upon an offender as part of the punishment for his crime. Such arise in proceedings essentially criminal in nature and punitive in purpose. There are other penalties and forfeitures of a purely remedial character, free of the punitive, criminal element, and designed primarily as a safeguard for the protection of private rights. Not the form of the trial or proceeding, but its essential nature and purpose are determinative. (Cf. *Helvering* v. *Mitchell,* 303 U. S. 391; *Life & Casualty Co.* v. *McCray,* 291 U. S. 566; *Matter of Rouss,* 221 N. Y. 81; *Bowles* v. *Seitz,* 62 F. Supp. 773; *Perkins Oil Well Cementing Co.* v. *Owen,* 293 Fed. 759; *Levy* v. *Superior Ct.,* 105 Cal. 600, writ of error dismissed 167 U. S. 175; see, also, 58 Am. Jur., Witnesses, §§ 43-44.)

The kind of penalty and forfeiture within the meaning of section 355 of the Civil Practice Act imports a sanction essentially criminal in nature. I decided in the *Sullivan* application (*supra*) that this disciplinary trial is not a criminal proceeding; nor are the sanctions which may be imposed in such a departmental trial considered punishment for crime. The severity of the possible sanction in this kind of proceeding does not alter its essential remedial character (see *Helvering* v. *Mitchell, supra; Pfitzinger* v. *United States Civil Service Comm.* 96 F. Supp. 1, affd. 192 F. 2d 934).

The privilege of public employment is subject to reasonable terms laid down by the proper authorities (cf. *Garner* v. *Los Angeles Board,* 341 U. S. 716; *Adler* v. *Board of Education,* 342 U. S. 485; *Matter of Goldway* v. *Board of Higher Educ. of City of N. Y.,* 178 Misc. 1023). An analogous situation was presented in *Pfitzinger* v. *United States Civil Service Comm.* (*supra*), where the court rejected a plea similar to that raised by respondent here. The court stated (pp. 2–3):

" The constitutional privilege against self-incrimination cannot be invoked unless the witness is called upon to give evidence which will expose him to either criminal prosecution or imposition of a penalty under a federal law. Boyd v. United States, 116 U. S. 616, 633 et seq., 6 S. Ct. 524, 29 L. Ed. 746; United States v. Murdock, 284 U. S. 141, 148 et seq., 52 S. Ct. 63, 76 L. Ed. 210. The testimony which the petitioner gave at the hearing, and without objection, was not of such a nature as to expose him to either of these consequences. The political activity in which the petitioner admittedly engaged, and concerning which he gave testimony, warranted nothing more than the imposition of a remedial sanction, to wit, removal from his position.

" The imposition of such a remedial sanction, although it may be of serious consequence to the person affected, may not be regarded as the forfeiture of a right; it is our opinion that it is nothing more than the withholding of a privilege. A person may have a right to qualify for and hold ' public office,' but he has no right to ' public employment;' the latter is nothing more than a privilege which is subject to termination at the will of the employer, subject only to the applicable civil service laws."

I am not unmindful of the fact that expressions are found in some earlier cases to the effect that the loss of one's position may constitute a forfeiture (*Matter of Dickinson,* 58 How. Prac.

260, 263, citing *Henry* v. *Salina Bank,* 1 N. Y. 83; *Gadsden* v. *Woodward,* 38 Hun 548, 551). In the light of the more recent authorities and more particularly because of the language employed by the Court of Appeals in *Matter of Roge* v. *Valentine* (280 N. Y. 268) these earlier cases must be deemed no longer controlling in the circumstances here presented.

While I have thus disposed of the objection under section 355 of the Civil Practice Act on the merits, it is doubtful in any event whether that section is applicable in an administrative proceeding (see Civ. Prac. Act, § 1).

The claim that the questions which were asked of respondent were not legal and pertinent is untenable. Respondent has without reasonable cause refused to answer the questions. No legal or other valid reason has been advanced to show that the questions are not legal and pertinent. On the argument of this application, petitioner withdrew question No. 6, namely, " Do you know Marie Holloway? "

The motion is granted. Settle order on two hours' notice.