Frank **CORONA** and George Velucci, Appellants,

v.

**UNITED STATES** of America, Appellee.

Nos. 13225, 13226.

United States Court of Appeals
Sixth Circuit.

Jan. 10, 1958.

Dennis J. Barron (of Frost & Jacobs), Cincinnati, Ohio, for appellants.

Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., for appellee. Fred W. Kaess, U. S. Atty., Detroit, Mich., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

■ In these two appeals from sentences of contempt, it appears that the applications upon which the convictions of contempt were grounded bore the *printed* signature of the United States Attorney for the Eastern District of Michigan and the *actual* signature of Max Goldschein, Special Attorney under the authority of the Department of Justice, appointed by direction of the Attor-ney General of the United States and specially assigned to these cases. It was not necessary in these circumstances that the applications should have borne the *actual* signature of the United States Attorney.

■ It appears further that the district court, as manifested by its orders, found: (1) that the Grand Jury for the Eastern District of Michigan was investigating violations of the Federal narcotics law; (2) that it was in the public interest that these two appellants testify before this Grand Jury; and (3) that the United States Attorney for that district, with the approval of the Attorney General of the United States, had made application for an order directing appellants to testify before the Grand Jury, immunity having been conferred upon them by the provisions of section 1406, Title 18, U.S.C. [See Ullmann v. United States, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511]. It appears further that these orders of the district court were issued in such manner as to afford due process of law to the appellants and were, therefore, lawful orders violation of which would support conviction of criminal contempt of court.

The Federal Rules of Criminal Procedure, 18 U.S.C.A., were scrupulously observed, in that appellants had counsel at an appropriate time and sufficient notice, thus affording them opportunity to be heard on all constitutional issues and other issues which might have been raised before the United States District Judge. The record demonstrates that appellants were sufficiently apprised concerning what questions (as to which immunity had formerly been claimed) were to be answered in order to comply with the court's order to testify, dated January 29, 1957. Appellants were given every opportunity to comply with the orders and to purge themselves of contempt by testifying before the Grand Jury under full immunity.

The judgments of conviction are affirmed.