**UNITED STATES of America,
Appellee,**

v.

**Giacomo REINA, Appellant.**

**No. 169, Docket 25644.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1959.

Decided Dec. 30, 1959.

Allen S. Stim, New York City, for appellant, Menahem Stim, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., New York City, for appellee, Joseph DeFranco, Asst. U. S. Atty., New York City, Daniel P. Hollman, Asst. U. S. Atty., Brooklyn, N. Y., George I. Gordon, Asst. U. S. Atty., New York City, of counsel.

Before SWAN and FRIENDLY, Circuit Judges, and HERLANDS, District Judge.

PER CURIAM.

Pursuant to 18 U.S.C.A. § 401(3) appellant was convicted of criminal contempt of court and was sentenced to two years imprisonment for refusing to answer certain questions before a federal grand jury inquiring into alleged violations of the narcotics laws, after he had been granted immunity under 18 U.S.C.A. § 1406 and had been ordered by the court to answer the questions. Judge

Dawson's well reasoned opinion is reported in 170 F.Supp. 592.

Appellant attacks the constitutionality of § 1406. His principal argument is that the immunity granted under this statute will not protect him from state prosecutions. That a federal immunity statute need not do so was settled long ago in United States v. Murdock, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210.[1] He says that the courts should re-examine the Murdock decision. But, obviously, such re-examination is not for this court to make.

At the time of his appearance before the grand jury appellant was serving a prison sentence for conspiracy to violate the narcotic laws.[2] The grand jury sought to question him concerning this crime. Seizing upon certain expressions in Brown v. Walker, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819, which sustained the constitutionality of a federal immunity statute similar to § 1406, appellant makes the fantastic contention that § 1406 is unconstitutional as applied to him because it does not grant a "general amnesty" or "pardon" for his past offense. The error in this argument is that it attempts to convert a general discussion in the Brown v. Walker opinion, at page 601, of 161 U.S. at page 648 of 16 S.Ct. as to the power of Congress to pass acts of general amnesty into an independent principle of law, requiring appellant's past offense to be pardoned. No authority is cited to support this extraordinary contention.[3]

Additional points made by appellant have been considered but are so plainly without merit that they require no discussion.

Judgment affirmed.

1. See also Knapp v. Schweitzer, 357 U.S. 371, 380, 78 S.Ct. 1302, 2 L.Ed.2d 1393; Tedesco v. United States, 6 Cir., 255 F. 2d 35; Corona v. United States, 6 Cir., 250 F.2d 578, certiorari denied 356 U.S. 954, 78 S.Ct. 921, 2 L.Ed.2d 847.

2. His conviction was affirmed in United States v. Reina, 2 Cir., 242 F.2d 302, certiorari denied 354 U.S. 913, 77 S.Ct. 1294, 1 L.Ed.2d 1427.

3. For decisions rejecting the contention, see People ex rel. Hunt v. Lane, 132 App. Div. 406, 116 N.Y.S. 990, affirmed 196 N.Y. 520, 89 N.E. 1108; People v. Fine, 173 Misc. 1010, 19 N.Y.S.2d 275; People ex rel. Gross v. Sheriff, 277 App.Div. 546, 101 N.Y.S.2d 271, affirmed 302 N.Y. 173, 96 N.E.2d 763.