**UNITED STATES of America,**
**Appellee,**

v.

**Charles CURCIO, Appellant.**

**No. 13002.**

United States Court of Appeals
Third Circuit.

Argued Jan. 19, 1960.

Decided April 13, 1960.

Louis Carbonaro, Chicago, Ill., Joseph H. Gaudielle, Hackensack, N. J. (Joseph I. Carbonaro, Chicago, Ill., on the brief), for appellant.

Edward Brodsky, Brooklyn, N. Y., William Esbitt, Joseph DeFranco, New York City (Chester A. Weidenburner, U. S. Atty., for the District of New Jersey, Newark, N. J., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant was found guilty of contempt for refusing to answer questions before a federal grand jury [1] after having been granted immunity under the Narcotic Control Act of 1956 (18 U.S.C. § 1406) and ordered by the court to answer the questions. He appeals.

In February, 1959 appellant appeared before a federal grand jury in the District of New Jersey. He was asked a series of questions regarding the narcotic traffic and refused to answer them on the ground his answers might tend to incriminate him. The District Attorney on the authority of the Attorney General applied for an order directing Curcio to testify under the provisions of 18 U.S.C. § 1406. The court directed Curcio to return to the grand jury and testify regarding the particular matters. Curcio was asked the same questions as previously and refused to answer them for the same reason as before.

Appellant argues as his first point that the 1956 Act grants both federal and state immunity to witnesses included within it. The pertinent part of the statute reads:

"Whenever in the judgment of a United States attorney the testimony of any witness, or the production of books, papers, or other evidence by any witness, in any case or proceeding before any grand jury or court of the United States involving any violation of—* * * subsection (c), (h), or (i) of Section 2 of the Narcotic Drugs Import and Export Act, as amended (21 U.S.C., sec. 174), * * * is necessary to the public interest, he, upon the approv-

---

1. 18 U.S.C. § 401(3).

al of the Attorney General, shall make application to the court that the witness shall be instructed to testify or produce evidence subject to the provisions of this section, and upon order of the court such witness shall not be excused from testifying or from producing books, papers, or other evidence on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. But no such witness shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled, after having claimed his privilege against self-incrimination, to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding (except prosecution described in the next sentence) against him in any court. No witness shall be exempt under this section from prosecution for perjury or contempt committed while giving testimony or producing evidence under compulsion as provided in this section."

It is most noteworthy that the law is not attacked as unconstitutional as has been the usual course in this type of case. The theory here assumes that the immunity granted covers state prosecutions. But asserts the appellant, the district judge erroneously restricted the immunity allowed to the federal side. We will deal with that proposition later.

 First we should make very clear the firmly established position of the federal courts with reference to the 1956 law. Unquestionably the language of the immunity section is subject to the interpretation that it is intended to embrace state prosecutions. See Ullmann v. United States, 1956, 350 U.S. 422, 76 S.Ct. 497, 100 L.Ed. 511, construing the Immunity Act of 1954, 18 U.S.C. § 3486, which contained substantially the same language. In Tedesco v. United States, 6 Cir., 1958, 255 F.2d 35, 39, Judge Martin, while doubting the government right to immunize persons from prosecution for state narcotic violations, did consider that the 1956 Act undertakes to grant state as well as federal immunity. However, under the sharply defined factual basis of this appeal, we are not at all concerned with that question. If the immunity should be eventually construed to extend to state offenses the true issue before us would not be affected. And if the apparent inclusion of state immunity were held unconstitutional that would not defeat the federal grant because the Act contains a separability provision stating: "If any provision of this Act, or the application thereof to any person or circumstances, is held invalid, the remaining provisions of this Act, or the application of such provisions to other persons or circumstances, shall not be affected thereby." Section 1401 note.

 It is also firmly settled that a federal immunity statute which does not absolve state crimes is nevertheless valid. That is the doctrine of the controlling Supreme Court decision, United States v. Murdock, 1931, 284 U.S. 141, 52 S.Ct. 63, 76 L.Ed. 210. To same effect United States v. Reina, 2 Cir., 1959, 273 F.2d 234; Tedesco v. United States, supra.

 The above brings us to appellant's key contention which as stated by him reads:

"Did the Court err in not granting Appellant immunity from state prosecution in accordance with and as required under the Immunity Provisions of the Narcotic Control Act of 1956?"

Appellant does not suggest that the court's order requiring him to testify in any way abridged the statute. He could not, for that order reads:

"Ordered, that Charles Curcio be, and he hereby is, instructed to answer the questions propounded to him before the Grand Jury and to

testify and produce evidence as to such matters under inquiry before said Grand Jury, and, in accordance with Title 18, United States Code Section 1406, he shall not be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he is compelled to testify or produce evidence, nor shall testimony so compelled be used as evidence in any criminal proceeding against him in any court, except that he shall not be exempt from prosecution for perjury or contempt committed while giving testimony or producing evidence under this Order;"

He does charge: "That the Court in the interpretation, to the appellant, of its order of immunity restricted the immunity to Federal prosecution only, thereby denying appellant the protection contemplated and required by the Immunity Act in question, and which the Court was without power to do."

This point was not raised below. It was never called to the attention of the trial judge. Irrespective of that, it is at best, frivolous. The court's order could not have been misconstrued by lawyer or layman. The application for the order to show cause why Curcio should not be held in contempt and the order to show cause itself were entirely concerned with " * * * instructing Charles Curcio to testify and produce evidence *pursuant to the provisions of Title 18, United States Code, Section 1406, a copy of which was served upon him;*" (Emphasis supplied).

Appellant, without attempting to offer a supporting quotation from the transcript, says that, "The Court then indicated that the appellant, by this immunity order, was only being granted immunity from Federal prosecution." The text does not bear this out. To the contrary, the district judge there categorically repeated the words of the statute. Defense counsel made the statement "Except that it has been so interpreted to mean only the Federal

Court". The District Attorney denied this and called attention to the Tedesco opinion, supra, saying that " * * * the court in that case said it had its doubts that the Federal Government had the power to so immunize people, but that issue did not have to be decided in that case because the court held that a person had immunity with respect to Federal prosecutions which is as far as the Fifth Amendment necessarily makes the Federal Government go, and as long as he had immunization with respect to Federal prosecution the statute was therefore constitutional."

Appellant next quotes a question to him by the District Attorney and his answer. These read:

"Mr. Curcio, you recall that you appeared here on February 24, 1959, at which time you were asked a series of questions, all of which you refused to answer on the ground that your testimony might tend to incriminate you. This morning Judge Hartshorne ordered you to return to this Grand Jury and answer all the questions which are propounded to you and at the same time you will be immunized with respect to any transaction about which you testify in accordance with the immunity provision of the Narcotics Control Act of 1956. Do you understand that, Mr. Curcio?

"A. I understand about the immunity and I also understand that I am not immunized from state prosecution also."

Complaint is made of this as follows:

"After this answer by the appellant, Mr. Brodsky (district attorney) proceeded to ask the questions which the Court directed appellant to answer, and did not at any time indicate to appellant that he was not correct in his understanding of the immunity order."

The government in this case agrees that the Congress intended the immuni-

ty grant of the 1956 Act to extend to state prosecutions. Whether that action is constitutional poses a very troublesome problem. The contrariety of opinion between counsel in this appeal regarding federal decisional law on the latter point is apparent. But that is not the question confronting us. The only important fact in this appeal is whether the trial judge unmistakably assured appellant of the full protection of the immunity provision of the Federal Narcotic Control Act.

Two other instances of the judge allegedly restricting the provision are cited by appellant. The first occurred during a colloquy re sentence which went on for 91 pages of the printed appendix. The defense attorney said to the court: "There still hangs over the head of this— or any defendant—the possibility of a violation of State law. I think that that act itself of the Government plus the status or the very way—or the present status of the Federal law with respect to whether or not there is State immunity is a very fact to be considered in mitigation of this sentence. I do not think, sir, and I don't believe that the Court—". The court replied: "The trouble with that argument, Mr. Kessler, is this, the man can't be convicted twice for the same thing when he is immune from conviction. He can only be convicted otherwise than by the Federal Government."

The purported meaning of the above is amazingly presented in the appellant's brief as "This clearly indicated that the Court, by its order, did not give the appellant immunity from State prosecution as was clearly expressed and intended by the immunity provision of the Narcotic Control Act of 1956."

Finally, from the same sentencing colloquy, appellant complains of the court saying to defense counsel:

"Now, now, before you repeat that again just let me ask you this question, here's a man who is asked a whole series of questions about narcotics, no question about that, directed to his knowledge of unlawful narcotic dealings, and under the Murdock case he is given immunity so he does not plead self-incrimination, and he did say 'The reason I don't answer is simply because my answers may incriminate me with the State sovereignty.' Now that can mean only that 'I know the answers,' that 'The answers are or may be incriminating.' Now, therefore, how can you say that there is no connection between the answers and the defendant?"

The objection made is the reference by the court to the Murdock case, supra, which, seemingly, because it reaffirms dual sovereignty, is taken by the defense to suggest that the judge was, in some unexplained fashion, repudiating not just the controlling federal law but his insistent repetition of its exact language throughout the proceeding.

None of the objections, individually or collectively, show prejudice to appellant or afford a reasonable basis for thinking that any word of the trial judge misled appellant or influenced him in the slightest degree in his decision not to reveal the narcotic traffic information sought from him.

The judgment of the district court will be affirmed.

KALODNER, Circuit Judge (dissenting).

I would vacate the judgment of the District Court for these reasons:

The District Court failed to explicitly caution the defendant that since he was granted immunity from Federal prosecution under the Narcotic Control Act of 1956 that circumstance alone exposed him to a contempt adjudication and penalties should he refuse to comply with the order directing him to testify before the federal grand jury. The District Court should further have advised the defendant that the Narcotic Control Act of 1956 purported to extend immunity against prosecution in the State courts to one testifying before a federal grand jury

**100**

under a federal court's order, but irrespective as to whether the Act actually did so, the defendant was nevertheless required to testify.

The record establishes that the defendant did not understand that he would be subject to a contempt adjudication by reason of his failure to testify before the federal grand jury irrespective of the state immunity aspects of the Naroctic Control Act of 1956; further, that his refusal to testify was his "fear" that his testimony would afford a basis for state prosecution, and not a wanton contemptuous disregard for the District Court's order.

As was pointed out in Nilva v. United States, 1957, 352 U.S. 385, 395, 77 S.Ct. 431, 437, 1 L.Ed.2d 415, Rule 17(g) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., requires that failure to comply with a subpoena to testify must be "without 'adequate excuse.'"

In the instant case "adequate excuse" existed by reason of the defendant's "fear" of state prosecution and the District Court's failure to advise the defendant of his compulsion to testify irrespective of the state immunity aspects of the Narcotic Control Act of 1956.

That the District Court was aware that it was "fear" of state prosecution that motivated defendant's refusal to testify is apparent from the following colloquy between the Court and the defendant:

"The Court: Well sit down. You have said that what you most fear was that what you might answer to these questions would cause you to undergo a State prosecution. That is correct isn't it?

"The Defendant: Yes."

The ends of justice would be better served by vacation of the District Court's judgment and remand with instructions to proceed in accordance with this dissent.